THEO. HIRSCH COMPANY, A FLORIDA CORPORATION, *Appellant*, v. McDONALD FURNITURE COMPANY, A FLORIDA CORPORATION, *Appellee.*

En Banc.

Opinion Filed July 12, 1927.

Petition for Rehearing Denied November 25, 1927.

186

*Shutts & Bowen* and *Evans & Mershon,* for Appellant;

*Robert H. Anderson,* for Appellee.

ON PETITION FOR REHEARING.

Opinion Filed November 25, 1926.

*Shutts & Bowen* and *Evans & Mershon,* for Appellants;

*Robert H. Anderson,* for Appellee.

WEST, CIRCUIT JUDGE.—This appeal is from several orders. Because, however, of the conclusion reached, reference to other than the first of them will be unnecessary. The Judge of the Circuit Court of the Fifteenth Judicial Circuit entered an order fixing the amount and allowing compensation to the Receiver for services rendered by him. This order is assigned as error. Decision on this assignment is decisive of the appeal.

The case was instituted and prosecuted to final decree in the Circuit Court of the Eleventh Judicial Circuit. Subsequent to the entry of the final decree the Receiver, conceiving the Judge of the Eleventh Judicial Circuit to be hostile to him, made "application to the Court for the disqualification" of said Judge. Filed with this application was an affidavit of the Receiver alleging that he "fears that he will not receive a fair trial in the Court wherein this suit and such application are pending on account of the prejudice of the Judge. It was accompanied with a certificate of good faith by counsel for the applicant and with supporting affidavits of two other persons.

On May 15, 1923, at Miami, the Judge of the Eleventh

Judicial Circuit made the following order upon the application for his disqualification:

"IT IS ORDERED, ADJUDGED AND DECREED that the said application for disqualification of Honorable H. F. Atkinson, Judge of the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County, Florida, be and the same is hereby denied and overruled.

IT IS FURTHER ORDERED AND ADJUDGED that the said notice given by said Receiver to said A. J. Rose, Esq., and to Messrs. Shutts & Bowen to appear before the Honorable E. C. Davis at Ft. Pierce, Florida, on May 16th, 1923, be set aside for all purposes.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of this Court shall not permit the papers in this cause to be removed from his office except upon the order of this Court."

On the following day, May 16, 1925, at Ft. Pierce, the Judge of the Fifteenth Judicial Circuit made an order in the case finding that the statute prescribing the procedure in disqualifying a Judge because of prejudice had, in all respects, been complied with; that the Judge of the Eleventh Judicial Circuit "is disqualified to hear this application by reason of his prejudice against the applicant," and thereupon did allow compensation to the Receiver, determined the amount, and directed that it be paid to him. This order, or so much thereof as is pertinent, is as follows:

"Whereupon, it is considered, ordered, adjudged and decreed that the Judge of the Eleventh Judicial Circuit of Florida, the Honorable H. F. Atkinson, is disqualified to hear this application by reason of his prejudice against the applicant, and that this Judge has jurisdiction in the premises, and that the said sum of $15,000.00 is a reasonable

compensation for the services performed by the Receiver in this cause, and that said Receiver, Paul R. Scott, do pay to himself the said sum of $15,000.00 from the moneys in his hands as the Receiver in this cause and belonging to this estate in full payment of his compensation as such Receiver, and that he do charge the same properly and accordingly in his accounts as such Receiver.''

The controlling statute, Chapter 9276, Acts 1923, is as follows:

''Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed by the laws of this State for the substitution of judges for the trial of causes where the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and such affidavit shall be filed not less than ten days before the beginning of the term of court, or good cause shown for the failure to so file same within such time. Any such affidavit so filed shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith, and the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least two reputable citizens of the county, not of kin to the defendant or counsel for the defendant.''

Assuming that the *prejudice* contemplated by the statute is personal prejudice of the judge toward the party and, putting aside the question of whether a receiver may proceed under this statute to oust the Court, of which he is an officer, of jurisdiction to determine the question of com-

pensation to be allowed the receiver for his services, and considering the challenge as directed at the judge who happened to be presiding, we consider the appeal on its merits.

If the mere filing by a party to an ''action or proceeding'' of an affidavit which purports to be in conformity with this statute operates *ipso facto* to disqualify the judge against whom it is directed, then the applicant in this case after filing the disqualifying affidavit was at liberty to take the case to another Circuit Judge for consideration, and such other Circuit Judge, to whom the case was presented, would have jurisdiction to hear and determine it.

Summers et al. v. A. N. R. R. Co. et al., 85 Fla. 9. *96* So. Rep. 151.

But if the challenged judge is not divested of jurisdiction in the cause until the requirements of the statute have been met, then a judge of another circuit may or may not have jurisdiction in such case, depending upon whether the application, with supporting affidavits and certificates of counsel is sufficient to invoke the operation of the statute, and only after it has been determined in due course that it is sufficient.

The statute must be construed as a whole. It provides that upon the affidavit of prejudice being filed ''such judge shall proceed no further therein.'' But it also provides that ''such affidavit shall *state the facts and the reason for the belief* that any such bias or prejudice exists''; that the affidavit must be filed ''not less than ten days before the beginning of the term of Court,'' or good cause shown for the failure to do so. The affidavit must be ''supported in substance by affidavits of at least two reputable citizens of the county not of kin to defendant or of counsel for the defendant,'' and must be accompanied by ''certifi-

cate of counsel of record that such affidavit and application are made in good faith.''

Power must rest somewhere to determine and adjudicate, not if the challenged judge is prejudiced,—that is conclusively presumed upon conformity by the applicant with the terms of the statute,—but whether the statute has been complied with, that is to say, whether the affidavit and certificate are such as the law requires, for, obviously, unless the challenged judge is disqualified the judge of another circuit is without jurisdiction.

Williams v. Robles et al., 22 Fla. 905.

In this case the judge to whom the application was made denied it. The grounds of his denial are not stated in the order. If the duty rests upon the challenged judge to determine if the application is sufficient to invoke the statute, it will be presumed that he acted upon that ground and in some one or more material respects found the application insufficient. If the affidavit of the applicant states facts which clearly contain no reasonable basis for the asserted prejudice, or, if the accompanying affidavits or certificate are not what the statute requires, may not the judge so determine? In other words, may not the judge so far consider the application as to determine whether the affidavit is sufficient to invoke the operation of the statute? The statute under consideration is substantially the same as the Federal statute on the subject. The Judicial Code, Sec. 21. In interpreting that statute the Supreme Court of the United States held and decided pointedly that the judge alleged to be prejudiced ''had a lawful right to pass upon the sufficiency of the affidavit.'' Berger v. U. S., 255 U. S. 22, 41 Sup. Ct. Rep. 230. On the other hand, if the affidavit is sufficient ''such judge shall proceed no further therein.'' His alleged prejudice cannot be traversed or disputed.

If then this question is to be passed upon by the challenged judge, what is the remedy in case of error by him? The ruling may be reviewed by appeal to the Supreme Court. This is essential to orderly procedure. This case illustrates the impropriety of any other course. Here one Circuit Judge on one day decides presumably that an affidavit seeking to disqualify him on the ground of prejudice is not sufficient. The next day another Circuit Judge in another circuit, the record having been transmitted to him, decides that the first judge was in error, that the affidavit of disqualification is sufficient, and proceeds to adjudge that the former judge was disqualified, and thereupon decides the case on its merits. The record is then returned to the circuit where it originated, from which it finds its way here on appeal from the order of the other judge.

The statute is new but the controlling principle is well established. In Conn v. Chadwick & Co., 17 Fla. 428, application to disqualify two Judges of the Supreme Court upon the ground of prejudice was denied. The Court held the affidavit insufficient because of an omission to set up in the affidavit charging prejudice the fact that the alleged prejudice of the judges named was against a party to the cause. In Purvis v. Frink, 55 Fla. 715, 46 So. Rep. 171, an affidavit alleging prejudice of the judge was filed and a change of venue to another circuit applied for. The motion was denied by the judge. On appeal this Court held that although the affidavit filed asserted the prejudice of the judge, the facts stated in the affidavit upon which the charge was founded did not show such personal prejudice of the judge against the applicant as would constitute a proper basis for the alleged prejudice; that there was no error in the ruling and the decree was affirmed. In Blackwell v. State, 76 Fla. 124, 79 So. Rep. 731, the Court de-

cided that "no discretion is vested in the judge to hear and determine the question of whether or not he is prejudiced." This is the point decided in Howell v. State, 77 Fla. 119, 81 So. Rep. 287.

Where affidavits setting up prejudice of a judge against a party in any action or proceeding comply with the requirements of the statute on the subject the judge should not try the cause. Sewell v. Huffstetler, 81 Fla. 374, 87 So. Rep. 782. But he has a lawful right, and it is his duty to pass primarily upon the sufficiency of the affidavit to invoke the statute. Berger v. U. S. (*Supra.*).

The ruling may or may not be error. It is subject to review by the Supreme Court.

The order appealed from is reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

BROWN, J., disqualified.

PER CURIAM.—Under the statute, when the required affidavit and certificate relative to the prejudice of a judge in a cause, are made and filed, "such judge shall proceed no further ·therein but another judge shall be designated in the manner prescribed by the law" as in cases "where the presiding judge is disqualified." The proper practice is for the challenged judge, upon due application, to state on the record his statutory disqualification, *when the requisite affidavits and certificate are duly made and filed.* If all the affidavits and the certificate as required are made and filed and severally contain matters of the nature prescribed by the statute, an order or other record notation of the statutory disqualification should be made. The challenged judge has a legal right to determine whether all the prescribed affidavits and the

required certificate relative to his asserted prejudice severally containing matters of the nature required as a prerequisite to the operation of the statute, have been made and filed so as to invoke the operation of the statute to disqualify him; and if an order be made thereon is not authorized by the statute or is otherwise erroneous, it may be reversed and remedied on appeal duly taken.

In this case the challenged judge denied and overruled the "application for disqualification;" and it must be assumed that he did so because he considered the affidavit and certificate to be not of the character and nature required to invoke the operation of the statute to disqualify him.

Whatever may have been Judge Atkinson's reason for making the order denying the "application for disqualification," a judge of another circuit is not authorized to review the order made and to adjudicate the disqualification of the other Circuit Judge. This is not a case in which jurisdiction initiated with Judge Davis and wherein the order made by Judge Atkinson is assailed as being void. The jurisdiction of Judge Davis is dependent upon the prior legal disqualification of Judge Atkinson under the statute. Whether Judge Atkinson is in law disqualified or not, another Circuit Judge is on this record without authority to decide the matter and in effect to reverse the order made by Judge Atkinson.

Where an attempt is made pursuant to Section 2674, Revised General Statutes, 1920, to disqualify the judge of the circuit in which a cause originated and is pending, and that judge enters an order that he is nevertheless not disqualified in such cause, the provisions of Section 2528, Revised General Stautes, 1920, do not authorize the judge of another circuit, whose jurisdiction in the cause depends upon the prior legal disqualification of the first judge, to

peremptorily assume jurisdiction of the cause notwithstanding the order of the first judge, even though it might appear of record that the first judge erred in holding himself not disqualified and his order would be reversed on appeal therefrom.

Rehearing denied.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., AND WEST, Circuit Judge, concur.

BROWN, J., disqualified.