STATE ex rel. THOMAS E. DAVIS v. L. L. PARKS, as One of the Judges of the Circuit Court of Hillsborough County, Florida.

194 So. 613
Opinion Filed September 26, 1939

*E. V. Whitaker, W. B. Dickenson* and *W. B. Dickenson, Jr.,* for Relator;

*Ray C. Brown, Chester H. Ferguson, McKay, Macfarlane, Jackson & Ramsey,* for Respondent.

TERRELL, C. J.—On petition of relator, a rule *nisi* in prohibition was issued from this Court directed to respondent commanding him to desist from exercising further jurisdiction in a certain cause pending in the Circuit Court of Hillsborough County wherein relator was the plaintiff and Karl B. Cuesta was defendant. The petition and supporting affidavits were predicated on prejudice of the trial judge to both relator and his counsel.

A return to the rule *nisi* challenges the sufficiency of the affidavit of disqualification. The affidavit and suggestion of disqualification were made under Section 4341, Compiled General Laws of 1927, which requires that every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice as is relied on exists.

The suggestion of disqualification is supported by the affidavit of relator alleging prejudice against him on the part of respondent. It is also supported by the answer of respondent to the rule *nisi* in the case of State *ex rel.* Nuccio v. Parks, decided more than ten years ago, wherein it is contended that he admitted prejudice against relator's counsel. The petition is also supported by affidavits of Alice Maree Sumner, John C. Sumner, Thomas E. Davis, B. B. Poston, and W. B. Dickenson, attesting the continuing prejudice of respondent to relator's counsel and to relator.

Section 4341, Compiled General Laws of 1927, does not in terms disqualify a trial judge for prejudice to a litigant's counsel but the contention of counsel for relator in this case is that the litigation at bar in which respondent is charged with being disqualified is a damage suit in which he (relator's counsel) has a contingent fee and being so, he is not only counsel but is in effect a party to the cause making the disqualification statute apply to him.

Section 4341, Compiled General Laws of 1927, the disqualifying statute, does not require an unqualified statement of prejudice. If the facts attested evidence a fear of such prejudice as will endanger his securing a fair trial that is sufficient. Such a fear rests in the mind of the litigant and if the attested facts supporting the suggestion are reasonably sufficient to create such a fear, it is not for the trial judge to say that it is not there.

Prejudice to a lawyer would not necessarily extend to his client. Under the disqualifying statute, the prejudice to disqualify must be shown to the client but we would hesitate to say that prejudice to the lawyer could not be of such a degree as to adversely affect his client. The suggestion and the affidavits in this case evidence a situation that has not appeared in this Court before. They show

that on three former occasions, respondent has been disqualified by counsel for relator in important litigation. If the affidavits may be taken at face value, it is perfectly apparent why relator "fears" that he would not have a fair trial at the hands of respondent.

To defeat the contention of relator, counsel for respondent relies on the insufficiency of the affidavits to meet the requirements of Section 4341, Compiled General Laws of 1927. Limited to the technical content of the affidavits, this view could be upheld and supported, but that is not the measure by which they should be evaluated. If taken as a whole, the suggestion and supporting affidavits are sufficient to warrant fear on the part of relator that he will not receive a fair trial at the hands of respondent, they are sufficient.

Courts, Legislatures, football squads and baseball nines as well as other deliberative and non-deliberative bodies must be guided by rules technical to each in the dispatch of their business. Regardless of where applied, the rule of the game must make for the orderly administration of right and justice; otherwise pandemonium supplants system and dispatch. The rule must be construed, however, with order and justice in view and should not be employed to perpetuate a prejudice, to justify pride of opinion or to attach a value to unusual complexes that result in defeating its purpose.

This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.

It is not enough for a judge to assert that he is free from prejudice. His mien and the reflex from his court room speak louder than he can declaim on this point. If he fails through these avenues to reflect justice and square dealing, his usefulness is destroyed. The attitude of the judge and the atmosphere of the court room should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance that he is in a forum where the judicial ermine is everything that it typifies—purity and justice. The guaranty of a fair and impartial trial can mean nothing less than this.

To force relator to trial in face of the fear that the suggestion for disqualification warrants would be to impose on him a condition contrary to every principle devised for the administration of justice under our system of jurisprudence. There may, in reality, be little basis for his fear but if it's there, the renunciation of the trial judge won't efface it. There is no reason why he should not, and every reason why he should, excuse himself under the circumstances.

The administration of justice is the most sacred rite known to the social order of a democracy. The duty of performing that rite is laid on the bench and bar. No greater commission was ever handed a profession but the same power that gave it can and will withdraw it if we prostitute it. We can save our commission for posterity by thinking in terms of justice but we cannot save it by exalting the personal equation.

It follows that the writ of prohibition as prayed for must be and is hereby granted.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section

4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

THOMAS, J. (dissenting).—I agree whole-heartedly with the observations of the learned Chief Justice on the importance of fair trials by impartial judges but I feel that the relator has completely failed to comply with the rules which the Legislature has prescribed to disqualify judges on the ground of prejudice; therefore, I dissent.