PER CURIAM.
In a case pending before the respondent circuit judge, the relators, through their counsel, filed a motion to disqualify him upon the ground of prejudice. Accompanying the motion was a deposition, a transcript of certain proceedings before the respondent and three affidavits, two of which were those of Keith and Paul Jensen, litigants in the pending case, and the third that of an out-of-state attorney, who represented the litigants. The basis of the mo *536 tion for disqualification was the prejudice and hostility allegedly demonstrated by the respondent toward relators and their counsel during the course of a motion calendar before the respondent in January, 1964. The affidavits of the relators accompanying the motion alleged their fear that they would not receive a fair trial before the respondent because of this prejudicial conduct exhibited by him toward them and their attorneys in January, 1964, but also certain alleged hostility exhibited toward them in a prior trial of the same case in 1962.
The respondent refused to disqualify himself and entered an order to that effect. Thereupon a suggestion for writ of prohibition was lodged in this court and a rule nisi issued. The respondent filed a motion to quash, discharge or dismiss the suggestion, together with a brief in opposition to the suggestion. The cause was heard on oral argument.
It is the relators’ position that since the respondent has admitted or at least has failed to deny his prejudice toward relators and their counsel, ipso facto it follows that he should be disqualified and therefore prohibited from proceeding further in the cause. On the other hand, the respondent contends that the relators have failed to comply with the provisions of § 38.10, Fla. Stat., F.S.A.[1] In particular the respondent points out (1) that the relators have failed to accompany their affidavits with the supporting affidavit of two reputable citizens of the county not of kin to the relators or counsel for them as to the substance of the relators’ affidavits; and (2) that the application for disqualification was not timely filed, i. e., not less than ten days before the beginning of the term of court.[2] It is apparent from the record before us that the relators have wholly failed to comply with the provisions of the statute, § 38.10, supra. The affidavits of two reputable citizens of the county as to the substance of relators’ affidavits were not tendered. The relators in effect contend .that they are not required to comply with the statute and that it is not an exclusive remedy for the disqualification of a judge for prejudice. We are unaware of any authority for this position espoused by the relators nor have we been referred to any such authority. The requirements of the statute are specific and clearly enumerated, and there is no showing of inability to comply therewith.
Had the moving parties, as the factual basis for their stated fear that they could not receive a fair trial, used only the expressed hatred and bias directed toward their attorneys of record as shown by what the judge allegedly said in January, 1964, to a number of attorneys present on a motion calendar, the fact that the occurrence relied on took place during the term would have been good cause excusing the statutory *537 requirement to move not less than ten days prior to the term. See Suarez v. State, 95 Fla. 42, 115 So. 519, 523. Instead, the relators alleged as such facts not only the incident of January, 1964, in the present term of court, but conduct of the judge on the former trial of the case in 1962. By using, as support for their expressed fear of bias, facts which occurred and were known during an earlier term of court, the relators’ action collided with the statutory requirement to move before the term commenced.
What we have said here as to the relators’ failure to comply with the statute of course does not constitute this court’s approval of the trial judge’s conduct in this case. Although the statute does not specify that a judge is disqualified by reason of prejudice against an attorney of one of the parties, he is disqualified where his prejudice against the attorney is of such a degree that it adversely affects the client, in which instance the trial judge should disqualify and recuse himself. See Ginsberg v. Holt, Fla.1956, 86 So.2d 650; State ex rel. Fuente v. Himes, 160 Fla. 757, 36 So.2d 433; State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613.
When presented with an application for his disqualification for prejudice, “The challenged judge has a legal right to determine whether all the prescribed affidavits and the required certificates relative to his asserted prejudice, severally containing matters of the nature required as a prerequisite to the operation of the statute, have been made and filed so as to invoke the operation of the statute to disqualify him * * Theo. Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517, 520. While it is the duty of a judge to effect his disqualification when the application is legally sufficient, it is equally the duty of a challenged judge to deny the application if the affidavits submitted are legally insufficient. See State ex rel. Bank of America v. Rowe, 96 Fla. 277, 118 So. 5, 8.
The rule nisi heretofore issued is discharged, and the suggestion for prohibition is hereby dismissed, all without prejudice to the relators to proceed in accordance with the statute if they be so advised.
It is so ordered.

. “Whenever a party to any action or proceedings, shall malee and file an affidavit that he fears that he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of said court against the applicant, or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes where the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any swell bias or prejudice exists, and such affidavit shall be filed not less than ten days before the Se-ginning of the term of court, or good cause shown for the failure to so file same within such time. Any such affidavit so filed shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith, and the facts stated as a basis for making the said affidavit shall be supported in substance by affidavit of at least tioo reputable citizens of the county not of kin to defendant or counsel for the defendant * * [Emphasis supplied]

. The fall term of the Circuit Court of Dade County opened on “the second Tuesday in November,” 1963, or November 12, 1963.