PER CURIAM.
This is a second suggestion for writ of prohibition against the respondent. The facts before us on this second suggestion are identical with the facts presented in the former case, State ex rel. Jensen v. Cannon, Fla.App.1964, 163 So.2d 535. Both suggestions grew out of an incident which transpired before the respondent judge in January, 1964, consisting of remarks made by him in the presence of a number of attorneys assembled for a motion calendar.
After a consideration of the pending suggestion, we issued the rule nisi. The respondent filed a motion to discharge the rule nisi and to dismiss the suggestion upon the grounds that the suggestion failed to show any legal grounds for disqualification; that it was not supported in substance by affidavits of at least two reputable citizens of the county; that it was not filed within the statutory time and otherwise did not conform to the provisions of § 38.10, Fla. Stat., F.S.A. Briefs in support of the motion and in opposition to the suggestion were filed on behalf of the respondents. This court has heard oral argument on the merits.
It is the primary contention of the respondent that the relators have failed to comply with the requirement of the statute, § 38.10, supra; consequently the rule nisi should be discharged and the suggestion dismissed. We have been furnished a transcript of the deposition of an attorney who was present when the alleged prejudice of the respondent was announced. After the affidavit of one of the petitioners, supported by other affidavits, was filed, a hearing was had before the respondent in which the remarks were called to his attention by counsel for the relators. The court informed counsel that he did not recall whether he had made the statement but that it sounded like him and that he had been known to make that kind of statement. No return was made to the rule nisi other than a motion to discharge the rule and to dismiss the suggestion.
We realize the seriousness as well as the delicacy in dealing with a question of disqualification of a judge to hear a matter which is within the jurisdiction of the court over which he presides. We are also aware of the decisions which have generally upheld the right of a judge whose disqualification was sought to pass upon the legal sufficiency of the affidavit of suggestion as well as the supporting affidavits and to determine whether they meet the requirements of the statute. Theo. Hirsch Co. v. McDonald Furniture Co., 94 Fla. 185, 114 So. 517; State ex rel. Bank of America v. Rowe, 96 Fla. 277, 118 So. 5. In addition to the affidavit of one of the relators there are the affidavits of six citizens of the county who have expressed their view that the relators cannot obtain a fair trial before the respondent. At this point we hazard the opinion that the affidavits may be subject to technical statutory deficiencies, but we are of the further view that to permit the relators to stand trial in this cause before the respondent, under the circumstances disclosed by the record before us, would constitute a travesty of justice. Every litigant, as the Supreme Court of this state has pointed out, “is entitled to *627 nothing less than the cold neutrality of an impartial judge.” State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613. Although the truth or falsity of the alleged fears of the relators that they would not receive a fair trial and that the respondent is prejudiced are not questions that normally are determinative of the issues in a prohibition proceeding, nevertheless, some weight, we feel, should be given to the fact that the respondent has not denied the charges and the transcript discloses a tacit admission that he had made such expressions of prejudice and bias toward relators and their counsel.
In McGregor v. Hammock, 101 Fla. 1170, 132 So. 815, the Supreme Court of this state said:
"It should be said, however, that a judge should decline to officiate in a case where the judge is conscious of any bias or prejudice which might influence his official action against any party to the litigation, whether challenged or not. Judicial ermine should be zealously guarded, that it may not become the object of scorn nor warrant suspicion.”
This court would be derelict in its duty in the proper administration of justice if it permitted the relators to be subjected to a trial of their cause before a tribunal where the impartiality of the trier of the cause has been placed in serious doubt.
To say the least, this case presents an unusual and unique factual situation. On oral argument counsel for relators advised the court that other than the affidavit (deposition) of one attorney, no other affidavits were obtainable as to the alleged prejudicial remarks of respondent by reason of the reluctance of the other attorneys who were present and heard respondent’s remarks to make such affidavits. Under the circumstances, if ■ the substance and the cumulative force of the six citizens’ affidavits submitted, in addition to' the deposition of the one attorney, are considered to be inadequate to support the substance of the relator’s affidavit, then this court is presented with the choice of adhering strictly to statutory requirements and denying relief, or refusing to require strict adherence and granting the relief which the record' before us demonstrates is so obviously needed. If so required, we would choose the latter course, but in our opinion a sufficient showing was made to entitle the rela-tors to judgment.
It follows that the motion to discharge the rule nisi and dismiss the suggestion is denied and a judgment awarding a peremptory writ of prohibition is granted. We do not deem it necessary at this time to issue the writ.
It is so ordered.