PER CURIAM.
Pursuant to Rule 4.6, Florida Appellate Rules, 31 F.S.A., the following question has been certified to this court:
“DOES A CIRCUIT JUDGE TO WHOM A CAUSE IS REASSIGNED HAVE JURISDICTION TO HEAR AND RULE UPON A MOTION TO VACATE A DEFAULT JUDGMENT WHEN THE FIRST CIRCUIT JUDGE BEFORE WHOM THE CASE WAS ORIGINALLY PENDING, WHO REFUSED TO VACATE DEFAULT JUDGMENT, HAS BEEN JUDICIALLY PROHIBITED FROM PROCEEDING WITH THE CAUSE BECAUSE OF HIS PREJUDICE?”
We decline to answer the question as the default judgment referred to therein has been before this court previously, and the propriety of refusing to vacate same has been upheld. See: Jensen v. Hoofe, Fla.App. 1962, 136 So.2d 680. Therefore, this ruling became the law of the case [see: McGregor v. Provident Trust Co. of Philadelphia, 119 Fla. 718, 162 So. 323; King v. Citizens and Southern National Bank of Atlanta, Ga., Fla.App. 1960, 119 So.2d 67; 2 Fla.Jur., Appeals, § SOI], and a determination of this case having already been made the certification is inappropriate. See: Prigger v. Kingery, Fla.App. 1962, 144 So.2d 323; Johnson v. Southeast Title and Insurance Company, Fla.App. 1963, 148 So.2d 67; Ray v. Mercy Hospital, Fla.App.1964, 169 So.2d 502.
It further appears that the prejudice referred to in the question occurred subsequent to the ruling on the motion to vacate the default and arose out of events which occurred subsequent to the mandate in Jensen v. Hoofe, supra. See: State ex rel. Jensen v. Cannon, Fla.App.1964, 163 So.2d 535; State ex rel. Jensen v. Cannon, Fla.App. 1964, 166 So.2d 625.
For the reasons stated, the question was not proper for certification.