ROBERTS, Justice
(dissenting).
We have here reviewed on direct conflict certiorari the several opinions of the District Court of Appeal, Third District, in State ex rel. Gerstein v. Stedman, Fla.App.1970, 233 So.2d 142. The cause was before the appellate court on an original petition for the writ of prohibition filed by the State to compel the respondent Judge to recuse himself in a case pending before the court on indictment by the Dade County Grand Jury. The rule to show cause issued and was then discharged upon the recommendations of two of the appellate court Judges based upon two different reasons. We took jurisdiction because of apparent conflict with the decisions of this court in State ex rel. La Russa v. Himes, 1940, 144 Fla. 145, 197 So. 762; State ex rel. Davis v. Parks, 1939, 141 Fla. 516, 194 So. 613; and Crosby v. State, Fla.1957, 97 So.2d 181.
The request that the respondent Judge recuse himself was based on his statements respecting (1) the force and effect of a grand jury indictment and (2) the credibility of the testimony of an immunized witness. All of the appellate court Judges agreed that the Judge’s statement concerning grand jury indictments was a mere expression of philosophy or opinion that was legally insufficient for disqualification. I agree for the reasons stated in the several opinions.
As the basis for its second ground, the State relied on affidavits relating statements of the trial Judge concerning his opinion of the practice of immunizing potential defendants and the credibility of an immunized witness. The State’s motion for disqualification alleged that the State would be required to place material reliance upon the testimony of a witness who had been granted immunity and that, because of the trial Judge’s attitude toward immunized witnesses, the State could not receive a fair trial. The statements of the trial Judge attested to by the affiants were that the trial Judge did not like immunity and did not believe in it; also, that he was “philosophically opposed to the granting of immunity to a witness and that he would not rely upon the testimony of a potential defendant who has been immunized.”
One of the appellate court Judges was of the opinion thdt the affidavits referred to above were “lacking in the specificity” sufficient to support the writ, and also that the statements of the trial Judge in the instant case were similar to those held to be insufficient in State ex rel. Sagonias v. Bird, Fla.1953, 67 So.2d 678. In that case, in declining to issue the writ because of the trial judge’s criticism of certain search and seizure decisions of this court, we said, “Obviously, the fact that a certain statute or principle of law may run counter to the *617 personal views of the judge does not mean that he is disqualified to try a case involving such law or principle.” It is equally obvious that the prejudice disclosed by the affidavits in the instant case was much more than a disagreement with a principle of law; it was a personal prejudice against immunizing witnesses — a prejudice that went so far as to amount to a personal disbelief in the testimony of an immunized witness.
Another of the appellate court Judges had the view that the affidavit recounting the Judge’s statement that he “would not rely” upon the testimony of an immunized witness was legally sufficient, but that Rule 1.230 of the Florida Rules of Criminal Procedure, 33 F.S.A. required two legally sufficient affidavits and, in his opinion, the other affidavits were legally insufficient. The third appellate court Judge was of the opinion that the affidavits were legally sufficient and that the trial Judge should have recused himself.
The opinions of the two appellate court Judges concerning the insufficiency of the affidavits — that they “lacked specificity” and that only one of the affiants repeated the statement concerning the trial Judge’s disbelief in the testimony of an immunized witness — are, in my opinion, inconsistent with the decision of this court in State ex rel. Davis v. Parks, supra, 194 So. 613. In that case the court declined to uphold a similar contention, stating that the affidavits should not be evaluated according to their technical content and if, “taken as a whole, the suggestion and supporting affidavits are sufficient to warrant fear on the part of the Relator that he will not receive a fair trial at the hands of the Respondent, they are sufficient.” It was also stated that the rule respecting the sufficiency of the affidavits must be construed “with order and justice in view and should not be employed to perpetuate a prejudice, to justify pride of opinion or to attach a value to unusual complexes that result in defeating its purpose.” See also State ex rel. La Russa v. Himes, supra, 197 So. 762, in which a personal prejudice was revealed by statements of the trial judge in an election campaign that, if elected, he would put people like the defendant La Russa “in Raiford where they belonged”. And in Crosby v. State, Fla.1957, 97 So.2d 181, a statement of the trial judge that he thought the defendant Crosby was “a liar from the word ‘go’ ”, together with other expressions concerning the defendant’s veracity, were held sufficient to require the trial judge to recuse himself from hearing the defendant’s request to withdraw his plea of guilty and to enter a plea of not guilty. In my opinion, there is no real distinction between the affidavits which were held in these decisions to be sufficient to show a disqualifying prejudice and those in the instant case. There was just as clearly prejudice against the State’s main witness in the instant case as against the defendant’s or the defendant’s attorney in the cited decisions. This being so, the duty of the trial Judge to recuse himself cannot be doubted. As stated in the Parks case, supra, 194 So. at page 615,
“This Court is committed to the doctrine that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. It is the duty of Courts to scrupulously guard this right and to refrain from attempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought in question. The exercise of any other policy tends to discredit the judiciary and shadow the administration of justice.”
For the reasons stated, the decision under review should be quashed and the cause remanded for further proceedings not inconsistent with this opinion. The majority view having reached an opposite conclusion, I respectfully dissent.
DREW and THORNAL, JJ., concur.