BOARDMAN, Acting Chief Judge.
The petitioner, State of Florida, has petitioned this court for a writ of certiorari to review certain orders entered by the circuit court on April 1, 1975, and April 10, *450 1975. The order of April 1, granted the respondents’ (Steven A. McFarlane, Robert Lynn Harrison, and James Emory Smith) motion to produce by directing the state to transcribe the testimony of certain witnesses who testified before the first Statewide Grand Jury for an in camera inspection. The order of April 10, denied the petitioner’s motion to disqualify the presiding judge.
The petitioner urges that the trial court erred in both of said rulings. The respondents, while not attacking the ruling of the court on their motion to produce, agree with the petitioner that the judge erred in not granting their motion to disqualify the presiding judge.
We have very carefully reviewed the several motions and pleadings filed in this cause by counsel for the respective parties and considered the applicable decisional law and the Criminal Rules of Procedure pertinent.
As to the disqualification of the presiding judge, we find that all parties have at one time or another filed motions to transfer the cause to another judge and motions to disqualify the judge. Were we called upon to transfer the cause and disqualify the judge solely on the basis of the matters raised in respondents’ supporting affidavits, which incorporate therein the motion of respondents to disqualify, we would not do so for the very reason that the allegations contained in said motions do not, in our judgment, set forth sufficient and adequate reasons to take such drastic action, and the allegations fall short of complying with Rule 3.230, RCrP. At this point, we conclude from the record that the Honorable Harry Lee Coe, III, Circuit Judge in and for the Thirteenth Judicial Circuit in and for Hillsborough County, could have presided over the trial in a fair and impartial manner. The record, however, shows that the petitioner likewise filed a motion to transfer and motion to disqualify the judge, the latter motion being supported by affidavits of two assistant state attorneys, assigning as grounds that the State of Florida could not receive a fair and impartial trial; and, that it feared that the judge had displayed a bias and prejudice toward the respondents and at least one of the attorneys for the defense; that reversible error had been built in the case in the event the state would be successful in convicting the respondents; and, that on appeal the appellate court would have no alternative but to reverse the cause.
We will not attempt to second guess the state’s reasoning, or question the propriety of its 'decision in filing the motion to transfer and motion to disqualify the judge. Suffice it is to say that inasmuch as all parties sought to try this cause before another judge, we feel, in view of the circumstances of this case and in an abundance of caution, that it is in the best interest of the parties that the cause be transferred so that another judge be substituted in his place and stead.
We turn now to the question posed by the state in which it is urged that the trial court committed reversible error in entering its order directing that the respondents were entitled to obtain the testimony of certain witnesses given before the Grand Jury. The pertinent provisions of said order are as follows:
ORDERED AND ADJUDGED that the testimony received by the First Statewide Grand Jury on September 18, 1974, which resulted in the indictment of above named defendants in companion case . . ., and the filing of the Information in the captioned case, be transcribed and an in camera review of that testimony be conducted by this Court to determine whether it should be produced under Rule 3.220, CrPR.
The motion to produce filed by the respondents in which they seek to compel this pretrial discovery failed to allege a predicate showing the reason that the requested testimony was relevant or necessary to the respondents in the trial of the *451 case against them. The motion itself alleges that the respondents were requesting the desired information specifically on the law of the case of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
We have read Giglio, supra, and believe it to be clearly distinguishable on facts from the instant case. In the cited case, the assistant United States attorney did not disclose to the defendant either pretrial or at trial the fact that he had entered into an agreement with a coconspirator that if he would testify for the government at trial that he would not be prosecuted. No such allegation or charge is made in this case by the respondents against the state.
Respondents contend further that the ruling of the trial court should be affirmed on the authority of a decision of the Supreme Court of the United States in the case of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966). The Dennis decision dealt with a violation of a federal statute and did not pass upon a constitutional question. The parties in the instant case do not contend that an accused is entitled as a matter of constitutional right to pretrial discovery.
We do not feel bound to follow the law of Dennis, supra; but, on the other hand, follow the well-established law of Florida as enunciated in the case of State v. Gillespie, Fla.App.2d, 1969, 227 So.2d 550. We believe the following excerpt from Gillespie, supra, is applicable here and is disposi-tive of the question now being considered:
[I]n examining the respondent Gillespie’s motion upon which the order under review was entered, there was a mere naked demand for an order compelling disclosure of the desired evidence. No semblance of a sufficient predicate for such an order is apparent. Accordingly, the court was without authority to enter the broad and all-encompassing order before us. The entry thereof constituted a material departure from the existing principles of law and cannot be sustained.
We cannot accept the respondents’ contention that the testimony of a grand jury witness is a statement within the context of Rule 3.220 RCrP whereby respondents would automatically be entitled to its production upon demand. The Florida courts have consistently refused to require the disclosure of grand jury testimony absent the showing of a predicate for its production. Minton v. State, Fla.1959, 113 So.2d 361, and State v. Drayton, Fla.App.2d, 1969, 226 So.2d 469. We do not read the rule which was promulgated in 1972 as enlarging the principle of these cases. According to the committee note, Rule 3.220 was patterned in large measure after the ABA Standards for Criminal Justice relating to discovery and procedure before trial. Section 2.1(a) (iii) of these Standards specifically requires the production of “those portions of grand jury minutes containing relevant testimony of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial,” but Rule 3.220 does not contain similar language. The committee note further states that the definition of “statement” was derived from 18 U.S.C. § 3500. That federal statute specifically defines “statement” to include “a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.” Rule 3.220(a) (1)(ii), RCrP, which defines the word “statement,” tracks the applicable language of 18 U.S.C. § 3500 except that the foregoing reference to grand jury testimony is significantly omitted. The specific reference to grand jury testimony of the accused in Rule 3.220(a) (l)(v) also mitigates against the respondents’ construction of the rule.
Since the respondents did not lay á predicate, they are not entitled to the disclosure of the evidence they seek; and, failing to do so, we find that the trial court erred in ordering the state, under the factual situation involved, to produce the desired evi *452 dence. We, therefore, reverse the order of the trial court under review without prejudice to the respondents, in a proper proceeding, before the substituted judge, to attempt to lay a predicate showing the need of the respondents for the desired testimony and, thereby, permit the state to show, if it can, that the requested information should be restricted.
For the above-stated reasons, the petition for writ of certiorari is
Granted.
GRIMES and SCHEB, JJ., concur.