386 So.2d 65 (1980)
Kathleen M. PISTORINO, Petitioner,
v.
Ralph B. FERGUSON, Jr., Judge, Respondent.
No. 80-688.
District Court of Appeal of Florida, Third District.
July 29, 1980.
*66 Richard A. Crisonino, Miami, for petitioner.
Leib, Popper & Mackoul and Rory S. Stein, Miami, for respondent.
Before HUBBART, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
In this divorce action, the trial judge, at the conclusion of a December 1979 hearing in which he awarded temporary custody of the minor children of the parties to the father, stated to counsel for Kathleen Pistorino:
"Dick, your client is not playing with a full deck. Personally, I think she is crazy, and I will recuse myself anytime you want me to."
At the time the statement was made there remained to be later determined issues of child support, alimony, permanent custody, visitation privileges and the like. The next action in the case was taken by John Pistorino in February 1980 when he petitioned the court for permanent custody of the children. On the heels of that petition, Kathleen's counsel perfunctorily and with understandable confidence moved to recuse the trial judge, asserting that by the judge's own admission he could no longer be impartial. Counsel's confidence was misplaced. The trial judge denied the motion to recuse, and Kathleen appealed.[1]
It is undisputed that the motion to recuse did not comport with the requirements of Section 38.10, Florida Statutes (1979)  it was late; initially, it was unaccompanied by an affidavit and at no time was it supported by corroborating affidavits; and no good faith certificate was filed by counsel. But it is also undisputed that the trial judge made the statement attributed to him. We must decide whether the mother's procedural failure forecloses relief by way of prohibition.[2]
We are mindful of cases holding that the failure to follow the dictates of the disqualification statute precludes relief by way of prohibition. E.g., Peebles v. Smith, 291 So.2d 102 (Fla. 1st DCA 1974). Those cases do not involve patent prejudice. Where that exists, courts are quick to provide a remedy even where the statute is not complied with, State v. McFarlane, 318 So.2d 449 (Fla. 2d DCA 1975) (substitute trial judge ordered after review by certiorari of *67 inter alia, a deficient motion to disqualify); or not strictly complied with, State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613 (1939) (prohibition granted despite the fact that technical content of affidavits disclosing prejudice against counsel, not party, did not meet terms of statute); State v. Cannon, 163 So.2d 535 (Fla. 3d DCA 1964) (suggestion for prohibition dismissed without prejudice to proceed in accordance with statute); State v. Cannon, 166 So.2d 625 (Fla. 3d DCA 1964) (prohibition granted despite the court's view that "the affidavits may be subject to technical statutory deficiencies").[3]
The courts of this state are firmly committed to the proposition that the due process guarantee of a fair trial contains in its core the principle that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. State ex rel. Davis v. Parks, supra; State v. Steele, 348 So.2d 398 (Fla. 3d DCA 1977). Where the judge is conscious of any bias or prejudice which might influence his official action against any party to the litigation, he should decline to officiate whether challenged or not. McGregor v. Hammock, 101 Fla. 1170, 132 So. 815 (1931); State v. Cannon, 166 So.2d 625 (Fla. 3d DCA 1964). In the present case the trial judge's spontaneous commitment to recuse himself at the option of counsel for the mother is convincing evidence of his own awareness of bias and speaks louder than his subsequent disclaimer, implicit in his denial of the motion to recuse. State ex rel. Davis v. Parks, supra. See also Anderson v. State, 287 So.2d 322 (Fla. 1st DCA 1973).
The mother's failure to meet the statute's requirements is not, in our view, an impediment to relief by way of prohibition. The statute allows a party to bring about the disqualification of a judge on the basis of his belief that he will not receive a fair trial. When the requirements of the statute are met, the necessity of proving that the judge is in fact prejudiced is obviated. But where the record, as here, reflects that the judge is in fact prejudiced, the necessity of utilizing the statute is obviated.[4]
Accordingly, we grant the petition for writ of prohibition. We assume it will not be necessary to issue the writ.
NOTES
[1] Thereafter, this court entered an order treating the appeal as a petition for writ of prohibition. See Dickenson v. Parks, 104 Fla. 577, 140 So. 459 (1932); State ex rel. Allen v. Board of Public Instruction, 214 So.2d 7 (Fla. 4th DCA 1968).
[2] This question was left open by us in State v. Cannon, 166 So.2d 625 (Fla. 3d DCA 1964), where we decided that a sufficient statutory showing had been made. We said, however, that were the showing inadequate, "... then this court [would be] presented with the choice of adhering strictly to statutory requirements and denying relief, or refusing to require strict adherence and granting the relief which the record before us demonstrates is so obviously needed. If so required, we would choose the latter course, but in our opinion a sufficient showing was made to entitle the relators to judgment" 166 So.2d at 627.
[3] "The rule must be construed, however, with order and justice in view and should not be employed to perpetuate a prejudice, to justify pride of opinion or to attach a value to unusual complexes that result in defeating its purpose." State ex rel. Davis v. Parks, 141 Fla. at 519, 194 So. at 615.
[4] As Judge Hendry pointed out in his dissenting opinion in State v. Cannon, 163 So.2d 535, 537 (Fla. 3d DCA 1964): "Section 38.10, Fla. Stat., F.S.A. was adopted in 1919, but many years prior to that the remedy of prohibiting a judge from hearing a case because of relationship to the parties or interest or prejudice was recognized and afforded. The fact that the statute was enacted does not mean that it abrogated the common law remedy available prior thereto."