PER CURIAM.
Upon a Petition for Writ of Prohibition we have considered the order of the trial court denying petitioner’s motion for recu-sal of the respondent.
Regardless of whether the motion is legally sufficient under the standards recognized in Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981), we conclude that the order of the trial court requires that the Judge disqualify herself. See Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985).
The tnal court, in response to the motion, entered an extensive three page order which argues points raised in the affidavit in support of the motion. Having thus unintentionally placed herself in an adversarial role, the trial judge then becomes disqualified for the reasons more fully explained in Bundy and Gieseke.
We therefore grant the Writ of Prohibition, quash the order of September 19,1986 and remand with direction that the trial court enter an order of recusal.
ANSTEAD, WALDEN and STONE, JJ., concur.