504 So.2d 756 (1987)
In re Inquiry Concerning a Judge, Judge E.L. EASTMOORE.
No. 69754.
Supreme Court of Florida.
March 26, 1987.
*757 Kathleen T. Phillips, Chairman, Pensacola, John S. Rawls, General Counsel, Tallahassee, and Mark Hulsey and E. Lanny Russell of Smith & Hulsey, Jacksonville, Special Counsel, for Florida Judicial Qualifications Com'n, petitioner.
Richard C. McFarlain, of McFarlain, Bobo, Sternstein, Wiley and Cassedy, P.A., Tallahassee, for respondent.
PER CURIAM.
The Judicial Qualifications Commission has recommended that Circuit Judge E.L. Eastmoore be publicly reprimanded. Judge Eastmoore, while admitting the facts upon which the recommendation is based, contends that his conduct was not of a kind warranting reprimand. We disagree.
The first count arose from the judge's order compelling a newspaper reporter to come to his chambers. The command appearance was not connected to any legal proceedings but rather resulted from the reporter's failure to respond to the judge's hallway greeting.
A judge's power to make orders exists solely by virtue of his or her function as an adjudicator; it does not extend beyond the performance of judicial duties. Judge Eastmoore's improper use of his judicial office to compel the presence of an individual to resolve a purely personal matter constituted an abuse of the judicial position. Judge Eastmoore is properly admonished for this conduct.
The second complaint against Judge Eastmoore also involves the improper wielding of judicial power. The Judicial Qualifications Commission found that while presiding over a child custody matter, Judge Eastmoore failed to afford the mother of the child a full opportunity to testify, addressed the mother in an improperly raised voice, and acted in an overbearing and dictatorial manner. Although we agree with Judge Eastmoore's response that a judge must assure obedience to his orders, we cannot agree that the methods used here were appropriate.
Canon 3, Code of Judicial Conduct, provides in pertinent part that:
(A)(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and should require similar conduct of lawyers, and of his staff, court officials, and others subject to his direction and control.
... .
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law... .
This Canon embodies concepts that are neither revolutionary nor new. Socrates is reported to have expressed the same proposition in his day as follows:
Four things belong to a judge: to hear courteously; to answer wisely; to consider soberly; and to decide impartially.[*]
As this Court said in State ex rel. Davis v. Parks, 141 Fla. 516, 520, 194 So. 613, 615 (1939):
It is not enough for a judge to assert that he is free from prejudice. His mien and the reflex from his court room speak louder than he can declaim on this point. If he fails through these avenues to reflect justice and square dealing, his usefulness is destroyed. The attitude of the judge and the atmosphere of the court room should indeed be such that no matter what charge is lodged against a litigant or what cause he is called on to litigate, he can approach the bar with every assurance that he is in a forum where the judicial ermine is everything that it typifies  purity and justice. The guaranty of a fair and impartial trial can mean nothing less than this.
The public can have little confidence in the impartiality of a decision when the litigant is cut short in the presentation of her *758 case and the decision maker's demeanor bears all the indicia of prejudice and a closed mind.
We take this opportunity to remind ourselves as judges that tyranny is nothing more than ill-used power. We recognize that it is easy, especially under the stress of handling many marital matters, to lose one's judicial temper, but judges must recognize the gross unfairness of becoming a combatant with a party. A litigant, already nervous, emotionally charged, and perhaps fearful, not only risks losing the case but also contempt and a jail sentence by responding to a judge's rudeness in kind. The disparity in power between a judge and a litigant requires that a judge treat a litigant with courtesy, patience, and understanding. Conduct reminiscent of the playground bully of our childhood is improper and unnecessary.
We accept the recommendation of the Judicial Qualifications Commission, and with the publication of this opinion reprimand Judge Eastmoore for the two events described above.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW and BARKETT, JJ., concur.
ADKINS, J. (Ret.), dissents.
NOTES
[*] American Judicature Society, Handbook for Judges 29 (1961). This quotation has been attributed to Socrates for many years but its original source is unknown.