PER CURIAM.
We grant the petition for writ of prohibition seeking disqualification of the trial judge presiding over petitioner’s divorce. We find that the judge’s comments that he thought petitioner would flee the country-before the next hearing, which were not based upon any evidence but just a “hunch” by the judge, “would prompt a reasonably prudent person to fear that he could not get a fair and impartial trial.” Hayslip v. Douglas, 400 So.2d 553, 555 (Fla. 4th DCA 1981).
It is apparent that the judge disbelieved petitioner’s proffered explanation of his financial situation and was perturbed by petitioner’s failure to deliver basic financial information. In response to petitioner’s assertion that he would prove his financial circumstances, the judge said, “I can’t wait. I mean, I’ll tell you what; I’m kicking the barn down for that one, as they say at the track. I just want to know where the two dollar window is on what country he’ll be in on June 8th (the date of the evidentiary hearing). I’m ready to plunk it on Peru.” The court actually twice predicted that petitioner would flee the country by the time of the hearing. From the perspective of the petitioner, we conclude he would have a well-grounded fear that he would not receive a fair trial.
STONE, WARNER and TAYLOR, JJ„ concur.