MAY, J.,
dissenting.
I respectfully dissent. I would deny the petition. First, as noted by the majority, the motion for disqualification was untimely and lacked the requisite certification. Second, I respectfully disagree that the *1054 wording of the order raised a new basis for disqualifying the trial judge.
In his order, the trial judge stated: “Lastly, the law provides that adverse rulings do not provide a basis for disqualification.” This is a statement of the law that happens to be correct, not a dispute over the factual allegations in the motion. See 5-H Corp. v. Padovano, 708 So.2d 244, 248 (Fla.1997). The judge then stated: “The fact that the court found that there was a substantial likelihood that the defendant’s attorney committed a violation of the Rules Regulating The Florida Bar and took appropriate action as required by Canon 3.D.(2) of the Code of Judicial Conduct is also not a legally sufficient basis for disqualification.” This too is a statement of the law that happens to be correct, not a dispute over the factual allegations in the motion. Id.
I agree with the majority that the trial judge’s action in circulating an e-mail to all the other judges is “troubling.” However, the petitioner has not established, and we cannot discern, that the motion to disqualify was filed within ten days of the discovery of this information. I would suggest that using the words: “I find the motion legally insufficient” is certainly a cleaner way of ruling on a motion to disqualify. I simply do not agree that the words chosen by this trial judge rose to the level of disputing the factual allegations, which of course, would give rise to disqualification of the judge. See, e.g., Hayslip v. Douglas, 400 So.2d 553, 555-56 (Fla. 4th DCA 1981).