PER CURIAM.
The petitioner filed a motion for respondent to recuse himself from trying petitioner’s malpractice action on the grounds that the respondent was biased and prejudiced against the attorneys representing her in her suit. The respondent refused to recuse himself and this Petition for Writ of Prohibition to compel the respondent to withdraw as the judge presiding over petitioner’s case was filed. In response to an order to show cause why the Petition for Writ of Prohibition should not be granted, the respondent alleged that the motion for recu-sal was legally insufficient in that the motion was not supported in substance by the affidavit of at least two reputable citizens of the county not of kin to the moving party or her counsel and on the further ground that the allegations of the motion were insufficient to be the basis for the disqualification of the respondent for bias or prejudice.
We agree that the motion for disqualification was legally insufficient in that the supporting affidavits were made by co-counsel for the moving party and that there were not two supporting affidavits made by reputable parties who are not related to the moving party or her counsel as required by § 38.10, Fla.Stat. Such supporting affidavits by reputable persons not related to the moving party or her counsel are required unless the trial judge admits he does not stand fair and impartial between the parties or unless the record contains the equivalent of such an admission by the trial judge as existed in Pistorino v. Ferguson, 386 So.2d 65 (Fla. 3d DCA 1980).
The petitioner having failed to comply with § 38.10 and having failed to show any basis for waiver of compliance with said section, the Petition for Writ of Prohibition is Denied.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.