529 So.2d 335 (1988)
Steven CARDINAL and Ann Cardinal, His Wife, Appellants,
v.
WENDY'S OF SOUTH FLORIDA, INC., Appellee.
No. 87-0916.
District Court of Appeal of Florida, Fourth District.
August 3, 1988.
*336 James C. Blecke, Miami, for appellants.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee.
WALDEN, Judge.
This is an appeal brought by plaintiffs/appellants from two orders:
1. Order denying plaintiffs' post trial motion to recuse.
2. Order granting defendant's motion for new trial.
As to order number one the correct method for testing the validity of a denial of a motion to disqualify is by petition for writ of prohibition. Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). Therefore we treat this issue on appeal as a petition for writ of prohibition, and as such it is denied.
There had been some earlier difficulty between the trial court and Mr. Weinstein, appellants' trial counsel, which resulted in Mr. Weinstein being adjudged in contempt of court, which adjudication was upheld in this court. In re Weinstein, 518 So.2d 1370 (Fla. 4th DCA 1988).
Post trial and verdict on January 29, 1987, the defendant, Wendy's, filed a motion for a new trial. On February 6, 1987, Mr. Weinstein filed an emergency motion to recuse.[1]
*337 It is to be noted and emphasized that nowhere do the parties, Mr. and Mrs. Cardinal, suggest that the trial judge is prejudiced toward them and should be recused. Forasmuch as the record reveals, the Cardinals are satisfied that the trial judge continue with the handling of the case. Instead the recusal motion and affidavit asserts the grievance of Mr. Weinstein, even despite the fact that his misconduct triggered and precipitated all the events about which he complains.
There are three sources of information on disqualification and recusal  statute (section 38.10, Florida Statutes (1987)), rule (1.432), Florida Rules of Civil Procedure and caselaw. The statute and the rule are to be read in pari materia. Sikes v. Seaboard Coast Line Railroad, 429 So.2d 1216 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla. 1983).
A. The Statutes. Section 38.10, Florida Statutes (1987), provides the guidelines for disqualification of a judge for prejudice. It provides:
Whenever a party to any action or proceeding makes and files an affidavit stating that he fears he will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
(Emphasis added)
Thus, it appears that an affidavit must be signed by the party and not just the counsel for that party. A review of the record shows that the Emergency Motion to Recuse does not contain an affidavit signed by the Cardinals. Rather, the motion includes an affidavit signed by Weinstein. Nowhere is there a statement by the Cardinals which indicates that they fear they will be unable to get a fair trial. The motion itself merely indicates that Weinstein is the counsel for the Cardinals and that he believes that there was animosity demonstrated toward him by Judge Futch.
B. The Rules of Civil Procedure. Rule 1.432, Florida Rules of Civil Procedure, *338 governs disqualification of judges and provides:
(a) Grounds. Any party may move to disqualify the judge assigned to the action on the grounds provided by statute.
(b) Contents. A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.

... .
(d) Determination. The judge against whom the motion is directed shall determine only the legal sufficiency of the motion. The judge shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall enter an order of disqualification and proceed no further in the action.
As already indicated above the affidavit is deficient insofar as it was not made by the party moving for disqualification, i.e. the Cardinals.
C. Caselaw. The procedural requirements for a motion to recuse are set forth in Hayslip v. Douglas, 400 So.2d 553 (Fla. 4th DCA 1981). There a defendant in a medical malpractice action, Dr. Hayslip, filed a verified motion for disqualification pursuant to rule 1.432, Florida Rules of Civil Procedure. He averred that he feared he could not obtain a fair trial due to the prejudice of the trial judge against his defense attorney. The motion averred that there had been a hearing on plaintiff's counsel's motion to withdraw where the trial judge had pointed to the defense counsel and stated that, "there is another lawyer whose name I would like to add to this motion to withdraw. He should not be in this case." Shortly thereafter Dr. Hayslip filed a motion to disqualify. Attached to the motion were two sworn depositions from attorneys who represented other codefendants and who had been present at the motion to withdraw. The trial court denied the motion but did not state grounds for the denial.
On appeal the Fourth District granted a writ of prohibition and explained that to determine whether the motion to recuse and its supporting documents are legally sufficient the court must look at the literal requirements of rule 1.432 and section 38.10 (both quoted above). The court further explained that the motion must be made by a party; it must be verified, and it must allege the facts relied upon to show the grounds for disqualification. Second, there must be a certificate by counsel of record indicating that the affidavit and application are made in good faith. Third, the operative facts in the party's motion must be substantiated by at least two affidavits from reputable citizens of the county, who are not related to the defendant or his attorney.
The Fourth District went on to hold that the verified motion and the supporting documents satisfy the requirements even though Dr. Hayslip was not present when the comments were made at the hearing. The Court explained that it is not necessary for the motion to disqualify and the supporting documents to demonstrate that the moving party has personal knowledge of the underlying facts if all of the requirements of the rule and statute are met and if supporting evidence is fully credible. The court indicated that the fact that the affidavits supporting the motion to disqualify the judge on the ground of prejudice were provided by attorneys for codefendants was of no account, where neither attorney providing the affidavit was related to the particular defendant or his attorney.
The only remaining question was whether the alleged remarks which were directed at the defense counsel, rather than the client, could reasonably justify the client's fear that he would not receive a fair trial. The court noted that section 38.10 refers to "prejudice of the judge ... against the applicant or in favor of the adverse party." (emphasis supplied) The court went on to state that:
Though a client and his counsel are separate entities, they share a common bond forged by the attorney-client relationship and tempered in the rigors of litigation. Most clients find the courtroom to be an unfamiliar and in some instances uncomfortable atmosphere and so it is not unusual that they entrust themselves into their counsel's care and view their interests *339 as one. Thus, it is understandable that a client would become concerned and fearful upon learning that the trial judge has an antipathy toward his lawyer and has expressed the opinion that the client's counsel "should not be in this case."
400 So.2d at 557.
Thus, in the case at bar it appears that the comments directed toward Mr. Weinstein (rather than the Cardinals themselves) would support a motion to recuse if the motion were verified by the Cardinals indicating that they had a fear that they would not receive a fair trial. In the instant case the motion never refers to the Cardinals' subjective beliefs. Instead it is signed by Weinstein and contains his beliefs. Thus the motion was fatally insufficient.
In Kah v. Clark, 419 So.2d 1189 (Fla. 1st DCA 1982), the petitioner, Kah, filed a motion for respondent, Judge Clark, to recuse himself from trying Kah's medical malpractice action on the grounds that the judge was biased against the attorneys representing her in her suit. The judge refused to recuse himself and Kah filed a Petition for Writ of Prohibition with the appellate court. In response to an order to show cause issued by the appellate court, Judge Clark responded that the motion for recusal was legally insufficient in that the motion was not supported in substance by the affidavit of at least two reputable citizens. (The statute in effect at that time required affidavits from two reputable nonrelated citizens  the statute no longer contains such a requirement.) The appellate court denied the writ of prohibition based upon the insufficiency of the motion.
Applying this to the case at bar the motion for recusal was legally insufficient because it did not contain an affidavit or a verified motion by the Cardinals indicating that they believed they could not receive a fair trial.
In Fischer v. Knuck, 497 So.2d 240 (Fla. 1986), the Supreme Court noted that the principles of Livingston v. State, 441 So.2d 1083, 1086 (Fla. 1983), govern disqualification:
In Florida, there are four separate expressions concerning the disqualification of trial judges, which are set forth in: (1) The Code of Judicial Conduct Canon 3-C; (2) section 38.10, Florida Statutes (1981); (3) Florida Rule of Criminal Procedure 3.230 ... and (4) Florida Rule of Civil Procedure 1.432.
The Code of Judicial Conduct sets forth basic principles of how judges should conduct themselves in carrying out their judicial duties. Canon 3-C(1) state that "[a] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned... ." This is totally consistent with the case law of this Court... .
... The requirements set forth in ... Florida Rule of Civil Procedure 1.432 were established to ensure public confidence in the integrity of the judicial system as well as to prevent the disqualification process from being abused for the purposes of judge-shopping... . The same basic requirements are contained in each of these three processes. First, there must be a verified statement of the specific facts which indicate a bias or prejudice requiring disqualification. Second, the application must be timely made. Third, the judge with respect to whom the motion is made may only determine whether the motion is legally sufficient and is not allowed to pass on the truth of the allegations.
Thus, again, there was a deficiency in the motion to disqualify because the motion was not a verified motion by the Cardinals.
There is one caveat to any notion that recusals are governed by technicalities. In Sikes v. Seaboard Coast Line Railroad, 429 So.2d 1216 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla. 1983), the appellate court noted that in considering the language of the rule and statute it is inappropriate to deny a recusal motion simply because the technical requirements of section 38.10 were not satisfied. The court quoted the Supreme Court: "The rule must be construed, however, with order and justice *340 in view and should not be employed to perpetuate a prejudice, to justify pride of opinion or to attach a value to unusual complexes that result in defeating its purpose." Thus the appellate court concluded that the literal filing requirements of the statute have melded with the requirements of rule 1.432 and ruled that "in a case in which patent prejudice exists, courts are quick to provide a remedy even where the statute is not complied with... ." (citing Pistorino v. Ferguson, 386 So.2d 65, 66 (Fla. 3d DCA 1980)).
Finally, as to recusal, Mr. Weinstein attempts to bootstrap by using his own wrongful contumacious conduct which was justifiably addressed by the trial court as a substantive basis for engineering a change in judges. This should not be countenanced.
We now address the order granting defendant's motion for new trial.[2]
We have reviewed it in light of the respective authorities presented and argued on appeal and reach the conclusion that no abuse of discretion or reversible error has been demonstrated.
The Florida Supreme Court has explained the standard to be applied by an appellate court in determining whether the entry of an order for new trial constitutes an abuse of discretion in Smith v. Brown, 525 So.2d 868 (Fla. 1988):
In reviewing this type of discretionary act of the trial court, the appellate court *341 should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.
Based upon the application of this standard we cannot conclude that the order granting a new trial is unreasonable or an abuse of the trial court's discretion.
The petition for writ of prohibition is DENIED.
The order granting defendant's motion for a new trial is AFFIRMED.
DOWNEY and DELL, JJ., concur.
NOTES
[1] NOW Louis J. Weinstein, Esq. Counsel for Plaintiffs STEVE CARDINAL and ANN CARDINAL, his wife, in the instant cause, who moves this court to enter an Order removing itself from presiding over this cause, and as grounds therefore would state:
1. That Defendants have scheduled their Motion for New Trial, Motion for Judgment Notwithstanding Verdict, Renewed Motion Directed Verdict, Motion for Remittitur for Hearing on Tuesday, February 10, 1987 at 11:00 a.m., before the Court, for which the Notice of Hearing was not received until February 4, 1987.
2. That if the Court were to grant this motion and recuse itself from any further involvement in this proceeding, then a new judge would be assigned to preside over the post trial motions that remain to be disposed of in this case.
3. That the new judge would be the proper tribunal to hear Defendant's post trial motions and would obviate the expenditure of this Court's time and labor.
4. That the material prejudice, animosity, antagonism, and personality conflict existing between the Court and Plaintiffs' counsel, Louis J. Weinstein, Esq., precludes this Court's impartiality in its consideration of Defendants' post trial motions, as demonstrated by the Affidavit of Louis J. Weinstein, Esq., marked "Exhibit A" and attached hereto and incorporated herein by reference.
5. That the Code of Judicial Conduct mandates that this Court remove itself from further presiding over this proceeding.
6. That Canon II of the Code of Judicial Conduct prescribes that a judge should avoid impropriety and the appearance of impropriety in all his activities.
7. That Cannon III C (1) prescribes that a judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned.
8. That these two canons of the Code of Judicial Conduct require that this Court disqualify itself in this proceeding to avoid even the appearance of impropriety and to preclude any question concerning the Court's impartiality due to the previous relationship between Plaintiffs' counsel and the Court during the trial of this cause.
WHEREFORE, Plaintiffs' counsel Louis J. Weinstein, Esq., requests this Court to enter an Order removing itself from presiding over this cause.
The whole recusal effort consisted of the motion signed by Mr. Weinstein accompanied by Mr. Weinstein's affidavit, all as follows:
BEFORE ME the undersigned authority, personally appeared LOUIS J. WEINSTEIN, who upon first being duly sworn, deposes and says:
1. That I have been a practicing attorney within the South Florida area during the previous eleven (11) years.
2. That I was trial counsel for Plaintiffs STEVE CARDINAL and ANN CARDINAL, his wife, during the trial of the above captioned cause which transpired from January 20, 1987 through January 22, 1987, before the Honorable Judge M. Daniel Futch, Jr.
3. That during the course of the trial proceedings a controversy arose regarding whether vel non I was standing when asserting objections to questions posed to or answers furnished by witnesses.
4. As a result of this dispute between the Honorable M. Daniel Futch, Jr., and myself, two contempt judgments and orders assessing fines or alternatively incarceration were entered on January 21, 1987 and January 22, 1987, both of which have been appealled [sic] to the Fourth District Court of Appeal, as demonstrated by Exhibits "A", "B", "C", and "D", attached hereto and made a part hereof.
5. That subsequent to the trial of this cause, in which the controversy arose, certain comments were made by the Honorable Judge M. Daniel Futch, Jr., which were published in the local newspapers, evidencing a material prejudice, hostility, antagonism, animosity toward myself which would preclude the Honorable Judge Futch from impartially ruling on the post-trial motions in this cause, as demonstrated by composite "Exhibit E" attached hereto and made a part hereof.
6. That the Honorable Judge Futch should remove himself from further presiding over this cause to avoid even the appearance of impropriety.
FURTHER AFFIANT SAYETH NAUGHT.
[2] CAUSE having come on to be heard on the Defendant, WENDY'S OF SOUTH FLORIDA INCORPORATED'S Motion for New Trial, Motion for Judgment Notwithstanding Verdict, Renewed Motion for Directed Verdict, and Motion for Remittitur, and the Court having heard argument of counel, [sic] and being otherwise advised in the premises, it is hereupon,
ORDERED AND ADJUDGED that Defendant's Motion for Judgment Notwithstanding Verdict, Renewed Motion for Directed Verdict and Motion for Remittitur be denied, and further that Defendant's Motion for New Trial be granted on the following grounds.
It is the finding of this Court that the verdict of the jury was contrary to the manifest weight of the evidence. This Court further finds that the jury acted upon passion, prejudice, sympathy or some other consideration outside of the evidence in reaching its verdict. This Court finds that the prejudicial remarks of Plaintiff's counsel, and the jury's misunderstanding or disregard of jury instructions requires granting a new trial on all issues in this matter.
This Court finds that the Plaintiffs' counsel's question during cross-examination to the effect that Defendant's witness MYRON BROWN, had been convicted of a crime, and subsequently paroled, was inflammatory, prejudicial, and calculated to disparage the credibility of said witnesses. This Court further finds that the above remark had such effect upon the jury, despite further testimony by MR. BROWN that he had never in fact been convicted of a crime. This Court finds that the old adage, "A bell once rung, cannot be unrung," is appropriate in the case, and the Court finds that the jury was in fact influenced and persuaded by the improper remarks to the detriment and prejudice of the Defendant. The Court finds that the Plaintiff's inquiry tainted the jury's view of the evidence. The jury was clearly influenced by these improper remarks because, among other things, the substantial weight of the evidence (the testimony of two independent witnesses, Mr. and Mrs. Brown) establishes that the floor was free of liquid. The Court is persuaded that the inflammatory and prejudicial remarks require a new trial, and the Court therefore grants Defendant's Motion for New Trial.
The Court finds there is a second and independent basis for granting Defendant's Motion for New Trial, because the jury failed to understand and/or follow the instructions of this Court regarding damages. Before the jury retired to deliberate, this Court fully instructed the jury about damage awards in accordance with Florida Standard Jury Instructions. The failure to understand the instructions was clearly evidenced by the jury originally returning to the courtroom without awarding any amount in damages, and indicating they were unaware it was their duty to award damages, even though they found the Defendant was liable to the Plaintiff. Further indication of the jury's confusion, misunderstanding, or disregard of the jury instructions is shown by the circumstances surrounding the final verdict. Upon first returning to the courtroom, the jury's remarks indicated they assumed the Plaintiff would recover the damages mentioned during closing argument. Calculation of the jury's ultimate award to Plaintiff following reinstruction on the law so closely approximates Plaintiff's suggestion for damages made during closing argument as to indicate confusion, misunderstanding or a disregard of the jury instructions. The Court also notes the jury asked to see the Plaintiff's chart of suggested damages that was prepared by Plaintiff's counsel during his closing arguments.