DOWNEY, Judge.
Appellant, James Kreager, appeals from an order of the trial court finding him guilty of both direct and indirect contempt of court and sentencing him to ninety days in the Broward County Jail, plus one hundred hours of community service and the expense of the trial court proceedings.
The contempt proceedings arose out of a charge that Kreager had called a Broward County deputy clerk a nigger when she refused to furnish him certified copies of court records without compensation. Word of the incident reached Judge Mark Speiser through his secretary, resulting in the judge’s issuing a rule directed to Kreager to show cause why he should not be held in contempt of court “for directing racial slurs towards Betty Jones, Deputy Clerk and abusive conduct affronting the deputy of the court.” Several hearings were held before Judge Speiser, at which evidence was adduced relative to the pending charges. On several occasions Kreager filed motions to recuse the judge, which were denied. The matter proceeded with the court ultimately entering the order from which Kreager has perfected this appeal. The state has conceded here that the order of direct contempt is erroneous and need not be considered.
We do not reach the other aspect of the order under consideration because, in our view, the trial judge became disqualified to consider the contempt charge on the merits as a result of his taking issue with Kreager over some of the latter’s allegations of bias and prejudice against him in support of his motion for recusal.
Early on in the proceedings, Kreager suggested that he feared he would not receive a fair trial at the judge’s hands because of remarks the judge had made about Kreager including his general litigious conduct. He felt uneasy also because the judge had discussed the charge with witnesses in the preparatory stages of the matter without Kreager’s being present, and had charged Kreager with lying in open court. At some point in the proceedings, Kreager made the suggestion that the judge may also be prejudiced against him because the judge was familiar with some allegations Kreager had made in the Supreme Court of Florida concerning a conspiracy between Jewish lawyers and Jewish judges.
Thus, at the end of counsels’ arguments, after the conclusion of the evidence, Judge Speiser stated:
Okay. There’s a couple of things I want to say before I pronounce my ruling in this particular case.
Mr. Kreager, you have made certain allegations that I feel that I need to address. Number one, about my knowledge of some motion you filed with the Florida Supreme Court about Jewish judges being in conspiracy with Jewish lawyers, I didn’t and I do not until this day have any knowledge about any motion you have with the Florida Supreme Court or whatever type of proceeding you have instituted in front of the Florida Supreme Court about religious preference and some type of conspiracy you are suggesting is in existence between the lawyers and judges of the Jewish faith. I didn’t at the time your case was in front of me involving the City of Fort Lauderdale, nor did I at the time you were questioned by the Court on April 25th, nor at this time, do I know anything about this Jewish conspiracy that you are suggesting exists between the judges and the attorneys.
We appreciate the natural tendency to take issue with and refute accusations considered by the subject to be false. However, the rule is clear in Florida that a judge cannot take issue with allegations of bias or prejudice made by a party seeking to recuse him from a case. When he does so, he becomes disqualified to continue to preside on the case. Bundy v. Rudd, 366 So.2d 440 (Fla.1978); Ryon v. Reasbeck, *936 525 So.2d 1024 (Fla. 4th DCA 1988); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985). And, at that point, the rule applies regardless of whether the motion to recuse or disqualify is legally sufficient. Fischer v. Knuck, 497 So.2d 240 (Fla.1986); Cardinal v. Wendy’s of South Florida, Inc., 529 So.2d 335 (Fla. 4th DCA 1988); Haggerty v. State, 531 So.2d 364 (Fla. 1st DCA 1988).
Accordingly, on this record, which we have very briefly summarized, we believe the trial judge was required to recuse himself and leave the merits of the cause to be decided by another. We, therefore, reverse the order appealed from and remand the cause with directions to the trial judge to recuse himself and request the Chief Judge of the court to designate a successor judge to take over the case and rehear it.
DELL and GUNTHER, JJ., concur.