PER CURIAM.
Appellant Carnival Corporation [Carnival]: (1) seeks the reversal of the trial court’s orders denying Carnival’s motion to strike Amato’s pleadings as sanctions; (2) *1089 seeks reversal of the trial court’s failure to direct a verdict for Carnival; and (3) alternatively, seeks a new trial on all issues. Cross Appellant Robert Amato seeks the reversal of the trial court’s order granting a new trial on damages.
Robert Amato fell down a flight of stairs on Carnival’s cruise ship, leading Amato to sue Carnival on four theories: (1) negligence for allowing grease to accumulate on the top of the stairs; (2) maintaining a defective handrail; (3) failure to put nonskid strips on the stairs; and (4) building the stairs too steeply and too overlapped.
Carnival moved to strike Amato’s pleadings because Amato had allegedly made false statements in his deposition. These related to a prior workers’ compensation claim, prior accidents, medication prescribed at the time of the fall, treating physicians who had prescribed narcotics before the cruise, and failure to disclose doctors who treated his fall injury. This motion was denied.
Carnival moved in limine to exclude Amato’s expert witness, alleging that the expert would attempt to testify to matters of common knowledge, matters outside his expertise, and matters of speculation. The trial court denied Carnival’s motion in li-mine and Amato’s expert was permitted to testify.
Ultimately Carnival moved for a new trial on all issues, contending that the verdict was contrary to the evidence, the damages awarded were excessive, and that there was misconduct on the part of the bailiff and Amato’s counsel. The trial court granted Carnival’s motion for new trial, but as to damages only, and denied all other motions.
Amato has cross-appealed the trial court’s order granting a new trial on damages. We reverse the grant of the new trial and remand for entry of judgment in favor of Amato for $577,000, the total amount of the jury verdict, with interest from January 21,1999.
Our review of the record leads us to conclude that the trial court erred when it ordered a new trial on damages predicated on Carnival’s contention that for various reasons “the jury was entirely confused and misunderstood or disregarded its responsibilities ....”[1] The trial court’s order granting a new trial on damages relies on Cardinal v. Wendy’s of South Florida, 529 So.2d 335 (Fla. 4th DCA 1988), rev. denied, 541 So.2d 1172 (Fla.1989), wherein the trial judge concluded that the jury’s verdict was contrary to the manifest weight of the evidence and tainted by passion, prejudice or sympathy. The Cardinal court expressed only as a second basis for a new trial that the jury failed to understand instructions. The court then set forth a lengthy series of jury “errors” leading inevitably to the conclusion that the jury never recovered its bearings. Cardinal, 529 So.2d at 340, n. 2.
The present case does not reach the impenetrable thicket of Cardinal; rather it falls into the category of Kmart Corp. v. Bracho, 776 So.2d 342 (Fla. 3d DCA 2001), where the reasonableness and unassailability of the bottom line amount rendered harmless any arguable miscalculation of the component verdict amounts returned. See also C.G. Chase Const. Co. v. Colon, 725 So.2d 1144, 1145-46 (Fla. 3d DCA), rev. denied, 740 So.2d 527 (Fla.1999):
“[T]he verdict in this case was grossly inadequate as to future and past economic and non-economic damages, it was likewise grossly excessive as to lost net accumulations. However, taken as a whole, the jury award of $1,129,500 results in a sustainable gross amount.”
*1090 We have carefully considered the issues raised by Carnival and find them to be insufficient. Accordingly, the order granting new trial is reversed and the cause remanded for entry of judgment in favor of Amato for $577,000, together with interest from January 21,1999.

. Carnival’s initial brief at 38.