PER CURIAM.
Upon a careful review of the record in this case and an analysis of the applicable authorities we conclude that the application for disqualification was sufficient as a matter of law to require disqualification of the trial judge. State v. Parks, 1939, 141 Fla. 516, 194 So. 613; Mank v. Hendrickson, Fla.App.1967, 195 So.2d 574; Brewton v. Kelly, Fla.App.1964, 166 So.2d 834; State v. Cannon, Fla.App.1964, 166 So.2d 625; Dickenson v. Parks, 1932, 104 Fla. 577, 140 So. 459; Crosby v. State, Fla.1957, 97 So.2d 181; State v. Dewell, 1938, 131 Fla. 566, 179 So. 695; Vaughn v. State, Fla.App.1969, 226 So.2d 443. Cf. Hahn v. Frederick, Fla.1953, 66 So.2d 823. Having determined that an order of disqualification should have been entered it follows that the judgments and orders of the trial court entered subsequent thereto were without authority. Crosby v. State, supra; Vaughn v. State, supra.
Accordingly, the order denying suggestion for disqualification and all judgments and orders subsequent thereto including the *84 final judgment are hereby vacated and set aside. The cause is remanded for the1 entry of an order of disqualification and reassignment in accordance with appropriate procedure and for such further action as is consistent herewith.
Reversed and remanded.
WALDEN, OWEN and MAGER, JJ., concur.