SHEVIN, Judge.
Frank Cobo appeals a final summary judgment entered in his election contest suit challenging Jacqueline Pepper’s election to the office of Miami Dade County School Board Member, District 7. We reverse.
At the beginning of the hearing on the parties’ notices for case management and status conferences, the judge stated:
There is no point in having a status conference. I am telling you now this is my ruling.
My ruling is, if there is a motion to dismiss, I granted it. This is moot. It’s been litigated. I have ruled on it twice and I am not awarding a new election.
*600 So now if you are uncomfortable with that, I will recuse myself and you can take it elsewhere, but I am not going to do anything else in this case.
Despite this announcement, the judge denied Cobo’s ore terms motion for recusal and later denied a written recusal motion. Thereafter, the judge granted summary judgment in Pepper’s favor.
Here, as in Pistorino v. Ferguson, 386 So.2d 65, 66 (Fla. 3d DCA 1980), the judge’s spontaneous offer to recuse herself evidences her awareness of being biased and of having prejudged this case. The judge should have declined to officiate any further. Barnett v. Barnett, 727 So.2d 311 (Fla. 2d DCA), review denied 735 So.2d 1283 (Fla.1999); Wargo v. Wargo, 669 So.2d 1123 (Fla. 4th DCA 1996); Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994).
Because we hold that the judge should have granted the ore tenus recusal motion, the judge’s subsequent rulings, including the summary judgment, were without authority and are hereby vacated. Crosby v. State, 97 So.2d 181 (Fla.1957); Orlando Sports Stadium, Inc. v. Sentinel Star Co., 273 So.2d 83 (Fla. 4th DCA), cert. denied, 277 So.2d 534 (Fla.1973). On remand, we respectfully advise the trial judge to whom this case is assigned to treat this matter expeditiously in view of the implications of the issues involved. This opinion shall take effect immediately notwithstanding the filing of a motion for rehearing.
Final summary judgment reversed; cause remanded.