FARMER, J.
We deny the petition seeking disqualification, but not because of any categorical rule requiring prohibition when the trial judge makes a disclosure and solicits a response from the affected party, as argued by petitioner. We find that the issue has been waived.
The transcript shows that at the beginning of the hearing on plaintiffs motion to amend its already twice amended complaint, the judge made a disclosure about a friendly relationship with the father of the opposing party’s lawyer and asked whether it caused plaintiff a problem. Plaintiffs counsel responded that it was not a problem if the trial judge was not influenced by it, and the trial judge replied that he would have no problem. Because of counsel’s response, the court proceeded to hold a hearing that lasted an hour and at the end of the hearing announced a decision to deny the motion. Two days after this ruling, petitioner filed a motion to disqualify the trial judge, which he denied. Petitioner now seeks prohibition on the grounds that, having made the disclosure, the judge is not free to deny disqualification.
Disqualification is not required in this case because plaintiff waived any protest against the trial judge. When the judge made the disclosure, he all but invited plaintiff to object if there was any doubt in plaintiffs mind about the judge’s impartiality. Counsel did not request additional time to confer with his client, and his response was unequivocal that there was no problem. We cannot escape the belief that if counsel had voiced an objection to the judge continuing to participate he would have immediately recused himself. As it happened, however, plaintiffs response led the judge to stay with the case and spend an hour of his finite hearing time deciding the issue.[1]
We therefore decline to address the merits issue and instead hold that coun *459 sel’s waiver ends the matter. If the client is unhappy with his lawyer’s decision, the remedy is to take it up with him.
GUNTHER, J., concurs.
KLEIN, J., concurs specially with opinion.

. The real problem probably has less to do with the impartiality of the judge and more to do with his ruling.