919 So.2d 713 (2006)
Thomas L. STEVENS, as Personal Representative of the Estate of Virginia L. Bleecker, deceased, Petitioner,
v.
AMERICANA HEALTHCARE CORPORATION OF NAPLES; Manor Care Health Services, Inc.; Manor Care of America, Inc.; and Manor Care, Inc., Respondents.
No. 2D05-5731.
District Court of Appeal of Florida, Second District.
February 8, 2006.
Susan B. Morrison of Law Offices of Susan B. Morrison, P.A., Tampa, and Joseph H. Ficarrotta of Wilkes & McHugh, P.A., Tampa, for Petitioner.
Scott A. Cole and Maria E. Trejos of Cole, Scott & Kissane, P.A., Miami, for Respondents.
PER CURIAM.
Thomas L. Stevens, as personal representative of the Estate of Virginia L. Bleecker, deceased (Petitioner), sought a writ of prohibition against the Honorable David R. Monaco, a circuit judge of the Twentieth Judicial Circuit, to disqualify him from presiding over any further proceedings *714 in a civil action pending in the Collier County Circuit Court against Americana Healthcare Corporation of Naples; Manor Care Health Services, Inc.; Manor Care of America, Inc.; and Manor Care, Inc. (Respondents). We granted the petition by a prior unpublished order, and we directed the chief judge of the Twentieth Judicial Circuit to assign another judge to the pending civil action. We issue this opinion to explain our ruling.

FACTS AND PROCEDURAL HISTORY
This case arises out of nursing home litigation pending in the Collier County Circuit Court. Petitioner's complaint against the Respondents alleged that the decedent, Virginia L. Bleecker, suffered deprivations of her rights as a nursing home resident and was the victim of abuse and neglect that caused her death. After conducting discovery, Petitioner moved to amend his complaint to add a claim for punitive damages. The trial court began a hearing on the motion on September 27, 2005.
At the hearing, the trial judge disclosed to counsel for the parties that he was personally acquainted with three of the witnesses who were expected to testify at trial. One of the potential witnesses was a nursing home administrator; the other two were physicians. The trial judge said that he was "very good friends" with Dr. Mehta, one of the physicians. Dr. Mehta had been Mrs. Bleecker's treating physician. The trial judge also said that he knew the nursing home administrator not only because of her employment at the nursing home but also through her service on the local school board. Upon making these disclosures, the trial judge said: "So if that'll make any difference to anybody here, I wanted to reveal that."
After the trial court's announcement, Petitioner's counsel requested and received a recess of the hearing to telephone his client and inform him of the circumstances. When the hearing resumed, Petitioner's counsel reported that he had been unable to reach his client and asked the trial court "to put off this punitive damage hearing until I'm able to talk to him specifically about these things." A lengthy discussion among counsel for the parties and the trial court then ensued. During the course of this discussion, the trial judge advised counsel  who were both from out of town-that they would probably not find a judge in Collier County who did not know Dr. Mehta because he testified frequently in proceedings for the determination of incapacity. The trial judge said that for this reason, the filing of a motion for disqualification would prompt him to "consider making a request of the Chief Judge that a Senior Judge be appointed perhaps from Fort Myers." After more discussion, the following exchange occurred:
MR. KISSANE [counsel for Respondents]: Judge, and I would point out that I consulted with my client's associate general counsel in Toledo, and we're absolutely comfortable proceeding before Your Honor.
And I understand, and I actually have a very nice professional relationship with Mr. Ficarrotta [counsel for Petitioner]. He needs to consult with his client.
But even once he does that, Judge, I will contest the law doesn't at that point require that you get off the case. You've disclosed what you disclosed.
JUDGE MONACO: I realize that, but I would do the same thing Mr. Ficarrotta is.
MR. KISSANE: Yes, and I agree with that, as well.
MR. FICARROTTA: Judge, I don't know if there's any [sic] else as far as 
JUDGE MONACO: I'll try to get you on, if you decide to go ahead with me, as fast as I possibly can.

*715 MR. FICARROTTA: If my client objects to that, Judge, then I just notify the Court, I guess?

JUDGE MONACO: Well, what I'm intending to do is to write an Order of Recusal, and I'll indicate to the Administrative Judge that if he appoints another judge, he might possibly want to think about it. We do have other civil judges here. So  you know  that's going to be his choice.

(Emphasis added.) After still more discussion, the trial court continued the hearing.
On October 7, 2005, Petitioner filed a motion requesting the disqualification of the trial judge based on the disclosures that the trial judge had made at the hearing. The Respondents filed a response opposing the motion. The trial court then entered an order denying the motion for disqualification. In its order denying the motion, the trial court ruled that the judge's acquaintance with some of the witnesses in the case was not a sufficient basis for the judge's disqualification. The petition for writ of prohibition followed.

DISCUSSION
Canon 3E(1) of the Florida Code of Judicial Conduct provides: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned...." The question whether disqualification is required "focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially." Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983). Closely related to the duty to disqualify is the judge's duty to disclose information that the litigants or their counsel might consider pertinent to the issue of disqualification. Thus the Commentary to Canon 3E(1) provides in pertinent part:
A judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believes there is no real basis for disqualification. The fact that the judge conveys this information does not automatically require the judge to be disqualified upon a request by either party, but the issue should be resolved on a case-by-case basis.
As the Commentary to Canon 3E(1) suggests, the judge's obligation to disclose relevant information is broader than the duty to disqualify. Thus a judge's disclosure of a social or personal relationship with a party or a lawyer for a party does not automatically trigger an obligation to disqualify upon a proper motion. See generally Judge Charles J. Kahn, "But I'm a Friend of the Court" and Other Predicaments: What Every Lawyer Should Know about the Florida Code of Judicial Conduct, 76 Fla. B.J. 10, 10-14 (Mar.2002).
We do not believe that the trial judge's voluntary disclosure of his friendship or acquaintance with some of the witnesses who might testify at trial in this matter was sufficient by itself to require the judge's disqualification. See W.I. v. State, 696 So.2d 457, 458 (Fla. 4th DCA 1997) (holding that trial judge's voluntary disclosure of friendship with juvenile defendant's caseworker was not sufficient to require disqualification). But the trial judge's remarks in this case did not end with his voluntary disclosure of acquaintance or friendship with the three potential witnesses. Instead, the trial judge continued the discussion by inviting counsel for Petitioner to file a motion for disqualification. The trial judge then expanded his remarks by advising counsel about what the judge planned to do if the motion was filed. The trial judge declared his intention to write an "Order of Recusal" and ask the chief judge of the circuit to consider assigning a *716 senior judge from Fort Myers to hear the matter. Undoubtedly, the trial judge's remarks would have caused any reasonable person to conclude that the judge intended to grant a timely motion for disqualification if Petitioner's counsel filed such a motion after he had an opportunity to consult with his client.
The trial judge should have granted the motion for disqualification that it solicited and then offered to grant. See Pool Water Prods., Inc. v. Pools by L.S. Rule, 612 So.2d 705, 707 (Fla. 4th DCA 1993). It is true that the Fourth District has questioned its decision in Pool Water Products. See Cousins Rest. Assocs., L.P. v. TGI Friday's, Inc., 789 So.2d 457, 459 (Fla. 4th DCA 2001) (Klein, J., concurring specially); W.I., 696 So.2d at 458. However, the judge's actions in this case provide a substantially stronger basis for disqualification than the judge's actions in the Pool Water Products case. In Pool Water Products, the judge merely made a voluntary disclosure concerning a close family relationship with one of the parties and then gave the other party an opportunity to prepare a motion to disqualify. The judge in Pool Water Products did not solicit the motion or hint at how he would rule on the motion if the other party chose to make it. In this case, the trial judge not only invited the motion, he also made additional comments indicating that he would grant it. It follows that the trial judge's remarks in this case were sufficient to cause Petitioner to reasonably question the judge's ability to act fairly and impartially in the pending matter. Under these circumstances, the trial judge could not properly reverse course and deny the motion to disqualify that he had not only invited but also offered to grant.

CONCLUSION
Our holding in this case is quite narrow. We do not suggest that a judge's personal or social relationship with a witness in a pending matter is sufficient to require the judge's disqualification. Nor do we mean to imply that a judge's decision to voluntarily disclose such a personal or social relationship will trigger the obligation to grant a timely motion for disqualification. We hold only that where, as in this case, a judge makes such a disclosure, invites the parties to make a motion for disqualification, and suggests that the motion will be granted, the judge cannot thereafter properly deny a timely motion for disqualification based on the facts disclosed. In short, a judge should not offer to recuse himself or herself based on a voluntary disclosure of information relevant to the question of disqualification unless the judge means it.
For these reasons, we granted the petition and we directed the chief judge of the Twentieth Judicial Circuit to assign another judge to this matter.
DAVIS, VILLANTI, and WALLACE, JJ., Concur.