ROTHENBERG, J.
“Every litigant, including the State in criminal cases, is entitled to nothing less than the cold neutrality of an impartial judge.” It is the duty of courts to scrupulously guard this right of the litigant and to refrain from at *618 tempting to exercise jurisdiction in any matter where his qualification to do so is seriously brought into question. The exercise of any other policy tends to discredit and place the judiciary in a compromising attitude which is bad for the administration of justice.
Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983) (quoting State ex. rel. Mickle v. Rowe, 100 Fla. 1382, 131 So. 331, 332 (Fla.1930)). The Florida Supreme Court has additionally noted that while “[t]he judiciary cannot be too circumspect, neither should it be reluctant to retire from a cause under circumstances that would shake the confidence of litigants in a fair and impartial adjudication of the issues raised.” Livingston, 441 So.2d at 1086 (quoting Dickenson v. Parks, 104 Fla. 577, 140 So. 459, 462 (1932)). Because the State’s motion to disqualify the Honorable Milton Hirseh was legally sufficient, the motion should have been granted. We therefore grant the instant petition.
JURISDICTION
This Court has jurisdiction to issue a writ of prohibition pursuant to article V, section 4(b)(3) of the Florida Constitution, and Florida Rule of Appellate Procedure 9.030(b)(3). Prohibition is “the proper avenue for immediate review of whether a motion to disqualify a trial judge has been correctly denied.” Sutton v. State, 975 So.2d 1073, 1076 (Fla.2008).
THE MOTION TO DISQUALIFY
The defendant, Radames Borrego, is charged with committing various crimes in the two felony cases at issue assigned to Judge Hirseh. Both cases involve fingerprint identifications and in both cases the defendant filed motions requesting the trial court to: (1) prohibit the latent print examiner from testifying that the fingerprints he/she obtained from the defendant matched those found at the scene of the two subject burglaries; (2) make a finding that a particular report regarding fingerprint analysis was authoritative even if the latent fingerprint examiner testified that it was not authoritative; and (3) allow the defense to use this report in cross examination of the latent fingerprint examiner.
Prior to filing its response to these motions, the State moved to disqualify the judge. Attached to the motion to disqualify was an affidavit sworn to by the prosecutor assigned to these two cases Derek Ko. In the affidavit, Mr. Ko states that after being assigned to prosecute these cases, he learned that in a separate case, State v. Marcus Valentine, case number F10-19822, Judge Hirseh informed the parties that they should become familiar with his writings on the subject of fingerprints and Frye v. United States, 293 F. 1013 (D.C.Cir.1923), and provided a copy of these materials to the prosecutor in the Valentine case, Ms. Brean. The affidavit further avers that, subsequent to this disclosure, in a separate conversation with another prosecutor, David Gilbert, Judge Hirseh suggested that the State file a motion to disqualify him because of his preconceived opinions on the subject of fingerprint evidence. When Mr. Gilbert suggested to Judge Hirseh that he should recuse himself based on his expressed feelings, Judge Hirseh stated he would prefer that the State file a motion to disqualify him, which he would grant. In addition to these statements, the affidavit states that Judge Hirseh told a third prosecutor, Christine Zahralban, that if the judge had a case in which the issue of the reliability of fingerprint evidence was raised prior to trial, he would recuse himself from hearing that case. Based on these statements made by Judge Hirseh and, in light of the defendant’s challenges to the fingerprint evidence and the defendant’s pending motions, the prosecutor in *619 the instant cases took Judge Hirsch at his word and orally requested that he recuse himself. Judge Hirsch replied that he would not disqualify himself sua sponte, but he was expecting the State to file a motion to disqualify him.
Importantly, these allegations were sworn to in separate affidavits submitted by Mr. Ko, the prosecutor assigned to these cases, and by Mr. Gilbert, one of the other prosecutors to whom Judge Hirsch allegedly made these statements. Like Mr. Ko, Mr. Gilbert confirmed in his affidavit that when the defense filed a motion attacking the admissibility of fingerprint evidence and alleging that the science of fingerprints could not pass the Frye test in the Valentine case, Judge Hirsch told the parties they should become familiar with his writings on the subject and provided a copy of these materials to Ms. Brean, the prosecutor in Valentine. Mr. Gilbert further attested to the fact that he subsequently had a conversation with Judge Hirsch wherein Judge Hirsch suggested that the State file a motion to disqualify him because of his preconceived opinions on the subject of fingerprints. When Mr. Gilbert suggested to Judge Hirsch that, in light of his expressed feelings, he should recuse himself sua sponte, Judge Hirsch responded that he would prefer that the State file the motion, which he would grant.
However, despite the averments in these affidavits that Judge Hirsch acknowledged having preconceived opinions on the subject of fingerprints, urged two separate prosecutors on different occasions to file motions to disqualify him in cases where the reliability of fingerprint evidence was raised prior to trial, and told these prosecutors that if they filed such a motion he would grant it, Judge Hirsch denied the motion to disqualify filed by Mr. Ko. This was error.
DISCUSSION
Judge Hirsch should have granted the motion for disqualification which the State alleged he solicited and assured that State he would grant. Canon 3E (1) of the Florida Code of Judicial Conduct provides that “[a] judge shall disqualify himself or herself in a proceeding in which the judge’s impartiality might reasonably be questioned.... ” The question of whether disqualification is required “focuses on those matters from which a litigant may reasonably question a judge’s impartiality rather than the judge’s perception of his ability to act fairly and impartially.” Livingston, 441 So.2d at 1086. The test for determining the legal sufficiency of a motion to disqualify is whether the motion established “a well-grounded fear that the movant will not receive a fair trial at the hands of the judge.” MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334 (Fla.1990).
Although Judge Hirsch’s disclosure of his writings on the issue of fingerprints most likely do not require his disqualification [1], his invitations to file motions to disqualify him in cases where the reliability of fingerprint evidence becomes an issue, and his assurances that he would grant such motions if filed, certainly would cause a reasonable person to question the judge’s ability to fairly and impartially adjudicate the issues surrounding the reliability and *620 admissibility of fingerprint evidence in a judicial proceeding.
We therefore hold, as our sister courts and as we have previously held, that where a judge makes a disclosure, invites the parties to file a motion to disqualify him, and suggests that such a motion will be granted, the motion, if filed, must be granted. See Stevens v. Americana Healthcare Corp. of Naples, 919 So.2d 713, 716 (Fla. 2d DCA 2006), which held as follows:
We hold only that where, as in this case, a judge makes such a disclosure, invites the parties to make a motion for disqualification, and suggests that the motion will be granted, the judge cannot thereafter properly deny a timely motion for disqualification based on the facts disclosed. In short, a judge should not offer to recuse himself or herself based on a voluntary disclosure of information relevant to the question of disqualification unless the judge means it.
see also Deloach v. State, 911 So.2d 888, 888 (Fla. 1st DCA 2005) (holding that where the trial judge offered to recuse himself and the appellant accepted the offer to disqualify, the trial judge should have fulfilled the offer); Cobo v. Pepper, 779 So.2d 599, 600 (Fla. 3d DCA 2001) (concluding disqualification was required and stating that “the judge’s spontaneous offer to recuse herself evidences her awareness of being biased and of having prejudiced this case. The judge should have declined to officiate any further”); Pistorino v. Ferguson, 386 So.2d 65, 67 (Fla. 3d DCA 1980), stating:
The courts of this State are firmly committed to the proposition that the due process guarantee of a fair trial contains in its core the principle that every litigant is entitled to nothing less than the cold neutrality of an impartial judge. Where the judge is conscious of any bias or prejudice which might influence his official action against any party to the litigation, he should decline to officiate whether challenged or not. In the present case the trial judge’s spontaneous commitment to recuse himself at the option of counsel for the mother is convincing evidence of his own awareness of bias and speaks louder than his subsequent disclaimer, implicit in his denial of the motion to recuse,
(emphasis added) (internal citations omitted).
Although we decline to address each of the meritless arguments made by the Assistant Public Defender on behalf of the trial judge in response to this petition, we do address the following arguments he raised: (1) “[a] legally sufficient motion for disqualification cannot be based upon rumors or gossip about what the trial judge allegedly said to unidentified people, at unidentified times, and under unidentified circumstances”; (2) “[a] mere speculative fear of bias will not be legally sufficient; rather, the fear must be objectively reasonable”; (3) most of Mr. Ko’s affidavit was “rehashed hearsay,” suggesting that hearsay may not form a basis for disqualification of a trial judge; and (4) the State should be estopped from seeking Judge Hirsch’s disqualification on the basis of Mr. Gilbert’s “ex parte” conversation with Judge Hirsch.
The record reflects that the State’s motion for disqualification of Judge Hirsch was not based on “rumor or gossip” from unidentified people under unidentified circumstances. It was based, in part, on statements the judge allegedly made directly to one of the affiants, David Gilbert, who detailed under oath the circumstances upon which the statements were made. Regarding the additional statements on which the State relied, the State identified each and every person to whom they were *621 made and the circumstances under which they were made. Additionally, the State’s fear that the judge was biased against the reliability of fingerprint evidence was not merely speculative- Rather, it was based on the judge’s own suggestion that he be disqualified based on his views and his invitation for the State to file a motion for disqualification, which he stated he would grant.
Although the State’s motion for disqualification was not based solely on hearsay evidence, we note that hearsay may form the basis for disqualification. See Barnett v. Barnett, 727 So.2d 311, 812 n. 2 (Fla. 2d DCA 1999) (“Mr. Barnett’s argument that the motion is legally insufficient because it is based on hearsay is without merit. Under the current rule, the motion need only be sworn to by the party signing it. There is no requirement that the party have personal knowledge of the facts alleged nor that the motion be accompanied by sworn affidavits of persons with such knowledge.”); see also Fla. R. Jud. Admin. 2.330.
Lastly, the suggestion that the statements the judge allegedly made to Mr. Gilbert should not be relied on because they were made in an ex parte communication between the prosecutor and the judge is rank speculation and has no place in an appellate brief.
For the reasons articulated in this opinion, we conclude the trial court was required to grant the motion for disqualification he solicited and stated he would grant. As this Court stated in Pistorino, “the trial judge’s spontaneous commitment to recuse himself at the option of counsel ... is convincing evidence of his own awareness of bias and speaks louder that his subsequent disclaimer, implicit in his denial of the motion to recuse.” Pistorino, 386 So.2d at 67. Because we conclude the judge should have granted the motions to disqualify him, his subsequent rulings were without authority and are hereby vacated. See Cobo v. Pepper, 779 So.2d 599, 600 (Fla. 3d DCA 2001).
Petition granted.

. The writings referred to have not been included in the record on appeal. The State’s petition is not based on the judge's writings, but rather his words, including his offers and assurances that he would grant a motion to disqualify himself if one was filed in a case where fingerprint evidence became an issue in a case. Further, our ruling is not based on the judge’s "writings.”