# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-0817
Lower Tribunal No. 13-18368

_____

### Richard Masten,
Petitioner,

vs.

### The State of Florida, et al.,
Respondents.


A Case of Original Jurisdiction – Prohibition.

Diaz Reus & Targ, LLP, and Carlos F. Gonzalez; Edward J. O'Donnell, for petitioner.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General; Linda Kelly Kearson, Office of the General Counsel, Eleventh Judicial Circuit of Florida, for respondents.

Before SALTER, FERNANDEZ and LOGUE, JJ.

LOGUE, J.

Richard Masten seeks a writ of prohibition contending the trial judge erred in denying his motion to disqualify. We find the motion was legally sufficient to require recusal.

Masten was charged with direct criminal contempt, found guilty, and sentenced to probation. He moved for a stay of his sentence, which was denied. He then sought review of the denial. In the meantime, Masten was charged with violating his probation.

On learning that Masten sought review of the denial of the stay, the trial judge sent the Attorney General's Office a twenty-one paragraph email containing various arguments "intended to assist you in rebutting entitlement to a stay." The trial judge's chambers sent further emails attaching documents and transcripts. Neither Masten nor his attorneys were copied or included in these communications. The Attorney General's Office commendably advised all parties of the emails.

Once the judge's emails were revealed, Masten filed a verified motion to disqualify. The trial judge denied the motion. Masten then filed an appeal which we now treat as a petition for a writ of prohibition. Through counsel, the trial judge filed a response to the petition which referred to "the purported ex parte communication" and expressed the view that the trial judge "reasonably expected

that the Attorney General's Office would represent her interests [in the review of the stay]."

Without belaboring the point, the trial judge erred in sending the emails which clearly constituted ex parte communications. Rose v. State, 601 So. 2d 1181, 1183 (Fla. 1992) ("The most insidious result of ex parte communications is their effect on the appearance of the impartiality of the tribunal. The impartiality of the trial judge must be beyond question."); Rollins v. Baker, 683 So. 2d 1138, 1140 (Fla. 5th DCA 1996) ("[The judge] has interjected himself into the litigation and has assumed the role of an adversary. This alone is a basis for disqualification.").

The trial judge also erred by filing a response which suggested she held both a personal interest in the appeal of the stay and an expectation the Attorney General's Office would represent "her interest" in the appeal. "In a prohibition proceeding . . . it is the safer practice for the judge to remain silent and let the adversarial party supply the response." Ellis v. Henning, 678 So. 2d 825, 828 (Fla. 4th DCA 1996) (citation and quotation omitted).

"It has long been said in the courts of this state that every litigant is entitled to nothing less than the cold neutrality of an impartial judge." Great Am. Ins. Co. v. 2000 Island Blvd. Condo. Ass'n, Inc., 153 So. 3d 384, 385 (Fla. 3d DCA 2014) (citation and quotation omitted). Based on the facts of Masten's verified motion, which we must take as true, and the statements in the judge's response, Masten

3

could have "an objectively reasonable, well-grounded fear of not receiving a fair and impartial trial." Rodgers v. State, 948 So. 2d 655, 673 (Fla. 2006).

We ask much from our trial judges. Nowhere do we ask more than when a litigant acts in open and obvious contempt of the court. On one hand, the trial court must maintain control of the courtroom and uphold the dignity of the legal process by enforcing obedience to court orders. On the other hand, the trial court, no matter how much his or her patience is taxed by a misbehaving litigant, must never abandon the outlook and appearance of a dispassionate and objective magistrate.

We therefore grant the petition, but are confident it will be unnecessary to formally issue the writ. Kopel v. Kopel, 832 So. 2d 108 (Fla. 3d DCA 2002).