# Third District Court of Appeal

## State of Florida

Opinion filed August 23, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1515
Lower Tribunal No. 17-7653
_____

**Pierre-Jean Nguyen,**
Petitioner,

vs.

**Natalia Nguyen,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Barry S. Franklin & Associates, P.A. and Barry S. Franklin, for petitioner.

Hinshaw & Culbertson, LLP and Elizabeth Baker; Barakat Law, P.A. and Brian Barakat, for respondent.

Before SUAREZ, SCALES and LUCK, JJ.

SUAREZ, J.

Petitioner Pierre-Jean Nguyen seeks the issuance of a writ of prohibition following an order denying, as legally insufficient, an initial motion for

disqualification of the trial judge. The standard of review of a trial court's determination on a motion to disqualify is de novo. MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332 (Fla. 1990); Wade v. Wade, 123 So. 3d 697 (Fla. 3d DCA 2013).

The Florida Rules of Judicial Administration provide for the disqualification of a judge when "the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1). The legal sufficiency of a motion to disqualify depends on "whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." Livingston v. State, 441 So. 2d 1083, 1087 (Fla. 1983); State v. Borrego, 105 So. 3d 616, 619 (Fla. 3d DCA 2013). The allegations of fact that are contained in the motion must be taken as true, Masten v. State, 159 So. 3d 996, 997 (Fla. 3d DCA 2015), and "the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling." Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Ass'n, 153 So. 3d 384, 390 (Fla. 3d DCA 2014) (citing Livingston, 441 So. 2d at 1086).

Having reviewed the petition and the transcript of the hearing referred to therein, we conclude that the facts alleged in the motion to disqualify, which must be taken as true, "would create in a reasonably prudent person a well-founded fear

2

of not receiving a fair and impartial trial." <u>Rodriguez v. State</u>, 919 So. 2d 1252, 1274 (Fla. 2005).

We grant the writ of prohibition. We withhold formal issuance of the writ, confident that the trial judge will promptly issue an order of disqualification. We remand this cause for reassignment to a successor judge and for further proceedings consistent with this opinion.