# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D20-0020
Lower Tribunal No. 18-5452

————————————


**Maria Luisa Massa Cisneros,**
Petitioner,

vs.

**Carlos A. Guinand,**
Respondent.


A Case of Original Jurisdiction – Prohibition.

Shutts & Bowen LLP, and Harold E. Patricoff, Kristina Candido, Julissa Rodriguez and Aleksey Shtivelman; Shutts & Bowen LLP, and Jason Gonzalez (Tallahassee); Law Office of Diksha M. Sharma and Diksha M. Sharma (Fort Lauderdale), for petitioner.

RCC Family Law, and Richard J. Preira; Jay M. Levy, P.A., and Jay M. Levy, for respondent.

Before FERNANDEZ, MILLER and LOBREE, JJ.

PER CURIAM.

A writ of prohibition is an appropriate remedy for the erroneous denial

of a motion for disqualification. See Lynch v. State, 2 So. 3d 47, 78 (Fla. 2008). "A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." S.S. v. Dep't of Children & Families, 298 So. 3d 1184, 1185 (Fla. 3d DCA 2020) (quoting Colarusso v. Colarusso, 20 So. 3d 985, 986 (Fla. 3d DCA 2009); Fla. R. Jud. Admin. 2.330(d)(1)). "The allegations of fact that are contained in the motion must be taken as true, Masten v. State, 159 So. 3d 996, 997 (Fla. 3d DCA 2015), and 'the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling.'" Nguyen v. Nguyen, 229 So. 3d 407, 407 (Fla. 3d DCA 2017) (quoting Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Ass'n, 153 So. 3d 384, 390 (Fla. 3d DCA 2014)). "[T]hat the findings implicate petitioner['s] counsel …, rather than petitione[r] individually, is a distinction without a discernible difference." JJN FLB, LLC v. CFLB P'ship, LLC, 283 So. 3d 922, 926 (Fla. 3d DCA 2019). As alleged, we find that the trial court's comments were such that would place a reasonably prudent person in fear of not receiving a fair and impartial trial. We do not imply that the trial judge would actually be unfair or has an actual prejudice, we simply hold that under these circumstances, the petitioner has met her burden. Petition granted.

2