# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2056
Lower Tribunal No. 20-17285
_____

**Alfredo Rodriguez, et al.,**
Petitioners,

vs.

**Rohan Halsall,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Davis, Giardino, Hrivnak & Okon, PLLC, and Wayne T. Hrivnak (West Palm Beach), for petitioners.

The McFarlane Firm, P.A., and Gregory McFarlane (Ft. Lauderdale), for respondent.

Before LINDSEY, HENDON, and LOBREE, JJ.

PER CURIAM.

Petitioners (Defendants below), Alfredo Rodriguez & Miami Fine Foods, LLC, petition this Court for a writ of prohibition following the trial court's denial of their motion for disqualification. A sworn motion filed below in support of the motion alleged the trial court made improper comments at a calendar call. As this Court explained in <u>Nguyen v. Nguyen</u>, 229 So. 3d 407, 407 (Fla. 3d DCA 2017):

> The standard of review of a trial court's determination on a motion to disqualify is de novo.
>
> The Florida Rules of Judicial Administration provide for the disqualification of a judge when "the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge." Fla. R. Jud. Admin. 2.330(d)(1).[1] The legal sufficiency of a motion to disqualify depends on "whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial." <u>Livingston v. State</u>, 441 So. 2d 1083, 1087 (Fla. 1983); <u>State v. Borrego</u>, 105 So. 3d 616, 619 (Fla. 3d DCA 2013). The allegations of fact that are contained in the motion must be taken as true, <u>Masten v. State</u>, 159 So. 3d 996, 997 (Fla. 3d DCA 2015), and "the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling." <u>Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Ass'n</u>, 153 So. 3d 384, 390 (Fla. 3d DCA 2014) (citing <u>Livingston</u>, 441 So. 2d at 1086).

(Citations omitted).

---

[1] The current rule is Florida Rule of General Practice and Judicial Administration 2.330(e)(1).

Treating the allegations of fact contained in the motion to disqualify as true, as we must, we conclude that disqualification is warranted. Accordingly, we grant the petition. We withhold formal issuance of the writ, confident that the trial judge will promptly issue an order of disqualification. We remand this cause for reassignment to a successor judge, if one has not already been reassigned by virtue of the annual judicial rotation of divisions, and for further proceedings consistent with this opinion.

Petition granted. Cause remanded. Writ issuance withheld.