# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1321
Lower Tribunal No. 23-4272
_____

**Benjamin Shabtai,**
Petitioner,

vs.

**Stacey Cooper Shabtai,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Gunster, Yoakley & Stewart, P.A., Thomas R. Julin and William King Hill, for petitioner.

Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A., and Lorne E. Berkeley (Sunrise), for respondent.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Benjamin Shabtai ("Benjamin") petitions this Court for a writ of prohibition based on the trial court's denial of his motion for disqualification. We grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Benjamin and Stacey Cooper Shabtai ("Stacey"), a married couple in the process of divorcing, are engaged in this separate civil action. The parties are litigating over their respective management and ownership rights in Serafina, their family restaurant. Stacey filed a complaint against Benjamin alleging breach of an operating agreement, breach of fiduciary duty, conversion and dissociation, and requested the appointment of a receiver.

The litigation proceeded with the parties filing various motions. Among them, Benjamin filed an emergency motion for a temporary restraining order. The motion alleged that Stacey was interfering with the operation of Serafina and surreptitiously placed audio-capable Google Nest cameras in the main office without Benjamin's consent. That same day, Stacey filed an omnibus motion urging the trial court to appoint a receiver.

The trial court set an evidentiary hearing on the emergency motion for temporary injunction. At the outset of the hearing, the trial court announced there would be insufficient time to consider evidence but that "[m]aybe we

2

can take care of something today."  Prior to either side presenting any arguments, the trial court stated the following:

> I've been doing this a long time, and I can say that you-all might be the exception to the rule.  **But I don't think I've ever seen a legitimate set of books or righteous tax return in my life.**  I just think you need to look hard at everything that's been done, Miami-Dade County businesses, everything – I've seen the litigation, family court, this court, ends up being some question about that.

The trial court then *sua sponte* instructed the attorneys "to give to the clients a budget of all of the activities that they think may be necessary" to continue litigation.  Counsel for the parties proceeded to make their respective arguments as to the Google Nest cameras and access to any stored recorded audio and video footage.  The trial court then stated it was out of time and was "going to allow all the cameras that anyone wants to put anywhere. And I'm going to allow everybody to take audio and video of everybody doing everything anywhere."  Discussion as to Serafina's WiFi access and internal system ensued.

The trial court stated the following:

> And you can see -- gentlemen, for the lawyers, you can already see that **I'm about a hair's breadth away from appointing somebody neutral**, because there's no way that I can – you've got access; I don't have access.

The trial court communicated to the lawyers that they "need to have a real heart to heart with the clients about anything they don't want everyone in the world to know about with respect to the way the business was being operated." Benjamin personally engaged the trial court in dialogue and stated that the main issue is who would continue to manage Serafina. The trial court responded by stating:

> I hear it's a management issue. If the manager should prevail, that's your side. I also hear that the manager has a conflict of interest with respect to everything that's been going on, and therefore the manager shouldn't get control.
>
> So that's the issue here. **What are the conflicts? And I think they're evident. But I'll wait to hear the evidence, but it's sort of obvious there's [ ] conflicts all over the place.** Everybody is conflicted at this point because you're a family. And there's emotional conflict, if nothing else. There's probably -- and that emotional conflict is ending up in business conflict.
>
> So that's where we're at. **And there is a strong likelihood that a receiver will end up having to take control because nobody trusts anybody, and quite frankly, I might end up not being able to trust anybody too.** I don't know. So it becomes – that's where a lot of these cases end up. **Everyone I've had ends up there.** This may be the exception.

The hearing concluded with a reset date for an evidentiary hearing. Benjamin subsequently filed a motion for disqualification of the trial court judge arguing he had a reasonable fear that he would not receive a fair trial

4

or hearing based on the trial court's statements at the prior hearing. The trial court denied Benjamin's motion as legally insufficient. This appeal followed.

## STANDARD OF REVIEW

"The standard of review of a trial judge's determination on a motion to disqualify is de novo." Parker v. State, 3 So. 3d 974, 982 (Fla. 2009).

## LEGAL ANALYSIS

"A writ of prohibition is an appropriate remedy for the erroneous denial of a motion for disqualification." Cisneros v. Guinand, 314 So. 3d 682, 683 (Fla. 3d DCA 2021). "A motion to recuse or disqualify a trial judge is legally sufficient when the alleged facts would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial." S.S. v. Dep't of Child. & Fams., 298 So. 3d 1184, 1185 (Fla. 3d DCA 2020) (quoting Colarusso v. Colarusso, 20 So. 3d 985, 986 (Fla. 3d DCA 2009)). "The allegations of fact that are contained in the motion must be taken as true, Masten v. State, 159 So. 3d 996, 997 (Fla. 3d DCA 2015), and 'the question of disqualification focuses not on what the judge intended, but rather how the message is received and the basis of the feeling.'" Nguyen v. Nguyen, 229 So. 3d 407, 407 (Fla. 3d DCA 2017) (quoting Great Am. Ins. Co. of N.Y. v. 2000 Island Blvd. Condo. Ass'n, 153 So. 3d 384, 390 (Fla. 3d DCA 2014)).

Benjamin argues the trial court's comments would create in any reasonably prudent person a well-founded fear of not receiving a fair and impartial hearing or trial. Specifically, he relies on the trial court's statements of distrust of Miami-Dade business owners including that he had never seen legitimate business books "in [his] life," that a receiver was likely to be appointed because he has **always** appointed receivers in similar cases and that Benjamin had "evident conflicts of interest," even though no evidence had been presented and the opposing party had not raised that specific argument. We agree and find "the allegations, taken together, meet the threshold test of legal sufficiency." Zimmerman v. State, 114 So. 3d 1011, 1011 (Fla. 5th DCA 2012); Great Am. Ins. Co. of New York,153 So. 3d at 389 n.3 (noting that a legal sufficiency determination considers all comments together and "analyz[es] the totality of the grounds asserted").

We recognize that trial courts may often try to assist parties in settling difficult issues and in doing so, may give examples or anecdotes. Giving the parties an example, however, that a well-seasoned trial judge has **never** denied a motion to appoint a receiver is troublesome. Similarly, it is not unreasonable to fear the trial court will not approach its fact-finding from a neutral perspective where it specifically states that it has **never** "seen a legitimate set of books or righteous tax return in [its] life." We find "these

6

statements, [ ] sound more like they are coming from a party who is arguing the case rather than from a judge who has not taken a single piece of evidence, [and] lend further credence to [the defendant's] belief that th[e] court has pre-judged the facts of th[e] case, is injecting [it]s personal opinions [ ] into the case, and has a bias . . . ." Great Am. Ins. Co. of New York, 153 So. 3d at 389.

The trial court here attempted to mitigate its predisposed blanket statements by following them with neutral statements. We find it necessary to emphasize, however, that some things once heard cannot be unheard and once said cannot always be minimized. "While appellate judges reviewing a transcript may understand that trial judges have a crowded docket and frequently make statements to encourage the parties to settle, it is not our perspective that controls, but rather whether the facts alleged would place a reasonably prudent litigant in fear of not receiving a fair and impartial trial." Valdes-Fauli v. Valdes-Fauli, 903 So. 2d 214, 216–17 (Fla. 3d DCA 2005) (citing Livingston v. State, 441 So. 2d 1083, 1087 (Fla. 1983)). We therefore conclude this petition should be granted as the trial court's statements would place a reasonably prudent person in fear of not receiving a fair and impartial trial. See Williams v. Balch, 897 So. 2d 498, 498 (Fla. 4th DCA 2005) ("Disqualification is required when litigants demonstrate a reasonable, well-

grounded fear that they will not receive a fair and impartial trial or that the judge has pre-judged the case.").

Petition granted.